JACOBS et al. v. RICHARD CARVEL CO., Inc.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

1. MUNICIPAL CORPORATIONS ⊜⇒706—AUTOMOBILE ACCIDENT—COLLISION
   WITH WAGON—NEGLIGENCE—EVIDENCE.
      Where, in an action for damages from a collision between plaintiffs'
   wagon and defendant's automobile truck at a street crossing, it appeared
   that defendant's chauffeur was not only driving on the wrong side of
   the street in violation of custom, but was turning within the intersection
   of the streets in violation of Highway Law, § 286, subd. 3, added by
   Laws 1910, c. 374, prescribing rules of the road, and no evidence was
   offered pursuant to section 288, providing for such evidence, of any local
   ordinance changing that requirement, a finding that the chauffeur was
   negligent was authorized.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1518; Dec. Dig. ⊜⇒706.]

2. EVIDENCE ⊜⇒21—JUDICIAL NOTICE—RULE OF THE ROAD.
      In an action for damages from collision between a wagon and an auto-
   mobile at a street intersection, the court may take judicial notice of the
   fact that it is the universal rule of the road to drive on the right-hand
   side of the street.
      [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 25; Dec. Dig.
   ⊜⇒21.]

3. MUNICIPAL CORPORATIONS ⊜⇒706—COLLISION WITH AUTOMOBILE—CON-
   TRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
      In an action for damages from collision between plaintiffs' wagon and
   defendant's automobile at a street intersection, the fact that plaintiffs'
   driver, though looking in the direction in which he was driving and
   watching the side of the cross-street on which defendant's automobile
   should have been, failed to notice the automobile, which was on the
   wrong side of the street and visible while some distance away, did not
   charge him with contributory negligence as a matter of law.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1518; Dec. Dig. ⊜⇒706.]

Appeal from Municipal Court, Borough of the Bronx, Second Dis-
trict.

Action by Edward Jacobs and another, copartners, doing business
as Jacobs Brothers, against the Richard Carvel Company, Incorporat-
ed. From a judgment for defendant on directed verdict, plaintiffs ap-
peal. Reversed, and new trial granted.

Argued November term, 1915, before LEHMAN, BIJUR, and
FINCH, JJ.

Frank Krevoruck, of New York City (J. J. Kramer, of New York
City, of counsel), for appellants.

Giffin & Hannon, of New York City (John W. Hannon, of New
York City, of counsel), for respondent.

BIJUR, J. Plaintiffs' wagon in charge of its driver and drawn by
a single horse was proceeding at a walk on a downgrade easterly on
138th street. The street runs east and west. The wagon was either
on the east-bound car track or near it toward the south curb. The
street is 100 feet wide, divided approximately as follows: Each side-

walk 20 feet, car tracks about 20 feet, and driveways on either side thereof about 20 feet, respectively. When 10 feet from the crossing of 138th street, and Brook avenue—a 60-foot street, which runs north and south—plaintiffs' driver first saw defendant's heavy automobile truck practically in front of him going north along the line of Brook avenue and turning westward into 138th street. He tried to check his horse and was unable to do so before it collided with defendant's truck, with the resultant loss of the horse and damage to the wagon, for which plaintiffs sue.

At the southwest corner of 138th street and Brook avenue is a large fence and shed connected with the new subway construction. Defendant's truck was loading dirt at this shed from the excavation. It was facing north on the left or westerly side of Brook avenue, namely, facing the wrong way on the wrong side of the street. It pulled out that way, and, according to the chauffeur of the truck, he began turning into 138th street when he had gone about 8 feet in that street. The precise position of the shed in relation to the sidewalks of 138th street and of Brook avenue, respectively, was not brought out very clearly; but apparently the view along the westerly curb of Brook avenue is not obstructed for the distance of 20 feet covered by the south sidewalk of 138th street.

Plaintiffs' driver says that he heard no horn, although defendant's chauffeur says he blew his "Klaxton" before he started. The collision actually occurred some six or seven feet west of the line of the westerly curb of Brook avenue, or, as one witness puts it, "maybe three feet over the stoop line where the people pass," meaning as I take it, substantially on the line of the pedestrian crossing, running north and south.

Plaintiffs' driver testified:

"Q. Did you look before you came to the corner to see whether any wagons were coming from the other side of the street? A. Yes, sir."

And on cross-examination he testified:

"Q. You were looking in the general direction in which you were driving? A. Yes, sir."

[1, 2] While no city ordinance nor regulation of the police department in regard to turning from one street into the other around the point of intersection of the middle lines of the streets was introduced in evidence, it does appear clearly that defendant's chauffeur was driving his truck almost immediately against the left curb of Brook avenue and making a short turn therefrom into 138th street. The court may, I think, properly take judicial notice of the fact that it is the universal rule of the road in this country to drive on the right-hand side of the street; but, apart from that, defendant admittedly violated the provision of the Highway Law, § 286, subdiv. 3, by turning within the intersection of the streets, and offered no evidence of any local ordinance changing that requirement (section 288); in fact, it is a matter of common knowledge that our local regulations are to the same effect. The course, therefore, taken by the defendant's chauffeur in driving on the wrong side of Brook avenue and taking a short turn into 138th

street was, in both these factors, one upon which the jury might properly predicate a finding of negligence on his part. Indeed, under the circumstances, it being perfectly evident that the chauffeur's course was without excuse by him and at least one of the approximate causes of the accident, it is difficult to see how a finding of defendant's negligence could have been avoided.

[3] The question, then, presented on this appeal, is whether the fact that the plaintiffs' driver, who was looking ahead in the direction in which he was driving and watching the east side of Brook avenue for vehicles driving the right way on that avenue from the south, can be charged with contributory negligence as matter of law because he did not consciously notice defendant's truck which was driving on the wrong side of Brook avenue and was visible in that position over a distance of about 20 to 28 feet and appreciate that it would continue in that irregular course and cross in front of him. I do not think that he can be so charged. It was at least for the jury to determine whether, as a person exercising reasonable care, plaintiffs' driver should have observed defendant's truck and should have realized its intended course—as a first step toward determining whether plaintiffs' driver was chargeable with contributory negligence.

Judgment reversed, and a new trial granted, with $30 costs to appellant to abide the event. All concur.