[Civ. No. 3001. Second Appellate District, Division One.—November 20, 1919.]

## ARNO WARD, Respondent, v. P. GILDEA, Appellant.

[1] APPEAL—ORDER DENYING NEW TRIAL.—As an order denying a motion for a new trial is not the subject of a separate appeal, an appeal from such an order will be dismissed.

[2] NEGLIGENCE — COLLISION AT STREET INTERSECTION — VIOLATION OF TRAFFIC RULE—PLEADING.—In this action for damages for personal injuries sustained by the plaintiff as the result of a collision at a street intersection of a motorcycle upon which he was riding with an automobile driven by the defendant, the principal negligence complained of having been that defendant failed to observe the requirement of the law that he should yield the right of way to the plaintiff, who was in the act of crossing the intersection from the right of the defendant, as required by subdivision (e) of section 20 of the Motor Vehicle Act, the complaint was sufficient in that it did in fairly appropriate language show the fact that both parties were at the point of intersection of the streets and about to cross the same, and contained a general allegation that the defendant, "disregarding the rights of the plaintiff and his right of way at said crossing, did wrongfully, carelessly, and willfully drive his said automobile on to and over the said crossing while plaintiff was crossing the same."

[3] ID.—RELATIVE POSITION OF PARTIES — CONFLICTING TESTIMONY — FINDING—APPEAL.—In such an action, even though there is much evidence, amply corroborated, tending to show that the relative position of plaintiff's motorcycle and defendant's automobile immediately before the accident was not as testified to by plaintiff, and the plaintiff's testimony in that regard stands practically alone, unless the admitted and uncontradicted facts are sufficient to show that the plaintiff's testimony could not be true, the decision of the trial judge upon the disputed point is final and conclusive.

[4] ID.—CONFLICTING TESTIMONY—CREDIBILITY OF WITNESSES—FINDING OF TRIAL COURT—APPELLATE REVIEW.—In considering the sufficiency of the testimony wherever a conflict is shown, it is the appellate court's duty to accept the finding of the trial court upon disputed points.

---

2. Rights and duties of automobile drivers with reference to motorcycles, note, Ann. Cas. 1916E, 676.

Liability for collision between automobile and another vehicle at or near corner of streets or highways, notes, Ann. Cas. 1917A, 221; L. R. A. 1916A, 745.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tipton & Cailor for Appellant.

Head & Marks for Respondent.

JAMES, J.—In this action plaintiff was awarded judgment for a sum of money. The recovery allowed him was based upon a cause of action in which plaintiff alleged that the defendant had carelessly and negligently operated an automobile so as to cause it to collide with a motorcycle upon which the plaintiff was riding. An appeal is taken from the judgment and also from an order denying a motion for a new trial. [1] As the last-named order was not the subject of a separate appeal, the appeal therefrom should be dismissed.

The principal act of negligence complained of, and which charge was sustained by the court in its findings, was that the defendant at the intersection of two streets failed to observe the requirement of the law that he should yield the right of way to the plaintiff, who was in the act of crossing the intersection from the right of the defendant. (Sec. 20, Motor Vehicle Act of 1915; Stats. 1915, p. 397.) Subdivision (e) of the section referred to provides as follows: "(e) . . . the operator of a vehicle approaching an intersection of the public highway shall yield the right of way to a vehicle approaching such intersection from the right of such first named vehicle."

[2] It is first contended on behalf of appellant that the complaint was insufficient in its statement of a cause of action in that it did not show that the plaintiff was at the point of intersection when the defendant started to make the crossing. We think that the complaint did in fairly appropriate language show the fact that both parties were at the point of intersection of the streets and about to cross the same. The complaint, too, contained a general allegation that the defendant, "disregarding the rights of the plaintiff and his right of way at said crossing, did wrongfully, carelessly, and willfully drive his said automobile

on to and over the said crossing while plaintiff was crossing the same.'' The findings of the court also, we think, were sufficiently within the issues made by the pleadings and covered all material issues tendered. The principal contention of defendant is that the findings were not sustained by the evidence. It is urged that not only was the weight of the evidence on the side of the defendant, but that such weight was not opposed by any substantial evidence—in other words, that any testimony shown to have been given by the plaintiff as to the facts material to liability on the part of the defendant was inherently improbable. This contention, of course, is designed to meet the rule of appellate review which forbids an appellate court to disturb a decision of fact where there is any substantial conflict in the evidence. So far as the apparent weight of evidence is concerned, judged by the narrative presented in the record, we may well agree with appellant that there was much evidence, amply corroborated, which tended not only to show that at the time of the accident the plaintiff was traveling on his motorcycle at a high rate of speed, but that at the time defendant entered the intersection of the two highways the plaintiff was at a distance of about 145 feet from such intersection. If such was the situation of the parties, of course the rule of the road announced in the Motor Vehicle Act was not applicable and defendant would have had clear right to make the crossing in advance of the plaintiff. The plaintiff's testimony as to the situation of himself and the defendant immediately before the accident stands practically alone. [3] However, unless the admitted and uncontradicted facts are sufficient to show that the plaintiff's testimony could not be true, the decision of the trial judge upon the disputed point is final and conclusive. It is claimed by appellant that respondent's statements given in evidence were utterly contrary to the physical facts, as well as the testimony of other witnesses. Leaving out for the moment the character of the damage wrought by the collision, it must be said, we think, that the statement of the plaintiff that he reached the point of intersection simultaneously with the defendant, notwithstanding that other witnesses disputed with him directly as to that fact, furnished some tangible and substantial evidence which would support the finding of the court made in his favor.

It was shown that the motorcycle struck the automobile immediately back of the right-hand front wheel; that the fender or mud-guard of the automobile was bent in at that point and that the foot-board on the same side was forced to the rear, bending some of its attachments until the rear mud-guard rested against the rear wheel, so as to completely block it. Plaintiff testified that he had slowed down at the street intersection to about ten miles an hour, and that when he saw that the defendant was about to cross in front of him he applied his brakes and at the moment of collision his machine was not moving more than three or four miles per hour. Defendant argues that, considering the damage wrought, it would be impossible for such to have resulted had the motorcycle been traveling only at the rate specified by the plaintiff. It was further shown by the defendant that by reason of the impact the throttle rod was bent on the automobile to such a position as to force open the throttle, which caused the automobile to jump forward rapidly. The automobile did progress for the distance of possibly half a block before it was stopped. Plaintiff was thrown to the ground and the motorcycle was damaged considerably. We do not think it proper for an appellate court to enter upon a solution of the problem in physics presented in order to reach the results claimed by the appellant. Just how much the original impact of the motorcycle contributed to cause the resultant damage, we cannot here determine. It might reasonably have been that the first impact disarranged the throttle and that when the automobile started suddenly forward, as described by the defendant, the foot-board was forced backward and that the major portion of the damage was caused by this after-movement. Sufficient has been stated, we think, to illustrate the point that it cannot be determined from the record here presented that the court should have disregarded the testimony of the plaintiff because it was unbelievable. [4] Trial judges have the advantage of having the witnesses testify in their presence and can better judge of their credibility by their appearance, attitude, and manner of testifying than can appellate courts hearing the testimony from the cold printed page. For such reason, in considering the point as to the sufficiency of the testimony wherever a conflict is shown,

it is the appellate court's duty to accept the finding of the trial court.

The appeal from the order denying a motion for new trial is dismissed. The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.