## JIMMIE GUEST MOTOR CO., et al. v. OLCOTT.

### No. 1895.

Court of Civil Appeals of Texas. Beaumont. March 22, 1930.

Rehearing Denied March 26, 1930.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

O'QUINN, J.

Olcott brought this suit in the county court at law of Harris county against the Jimmie Guest Motor Company, a copartnership composed of Jimmie Guest and R. J. Bordelon, and against the partners individually, to recover $700, the alleged damages to his automobile in a collision with appellants' automobile at the intersection of La Branch street and Calhoun avenue in the city of Houston, on August 8, 1928.

The case went to trial on appellee's first amended original petition, in which it was alleged that the damage to his automobile was occasioned by the negligence of appellants' driver in approaching the intersection of said streets at a high, dangerous, and reckless rate of speed; in not keeping a proper outlook; and in not having the automobile under proper control. By trial amendment appellee alleged as an additional ground for recovery the failure of appellants' agent in charge of its car to surrender the right of way and failure to stop the car before entering the intersection of said streets.

Appellants answered by general demurrer, general denial, and plea of contributory negligence.

The case was submitted to the jury upon special issues, in answer to which they found:

(a) That appellants' agent in charge of its car failed to keep a proper outlook for other cars that might be crossing the street, that said failure was negligence, and that such negligence was a proximate cause of the collision;

(b) That appellants' agent in charge of its car attempted to cross La Branch street after appellee had entered upon the intersection of La Branch street and Calhoun avenue, that such attempt was negligence, and such negligence a proximate cause of the collision.

(c) That appellants' automobile, at the time of the collision and immediately before, was traveling at the rate of about twenty to twenty-five miles per hour, that such rate of speed was negligence, and that such negligence was a proximate cause of the collision;

(d) That at the time of the collision appellants' agent in charge of its automobile, in approaching the intersection of La Branch street and Calhoun avenue, did not' have the car under such control as an ordinarily prudent person would have had under the same or similar circumstances, that such failure was a proximate cause of the collision.

(e) That the reasonable market value of appellee's car immediately before the collision was $850, and that its reasonable market value after the collision was $200.

(f) That appellee, as he approached the intersection of the streets in question, did not fail to yield the right of way to the driver of appellants' automobile.

(g) That appellee, as he entered upon the intersection of the streets in question, was driving his car in excess of twenty miles per hour, but that such rate of speed did not contribute as a proximate cause to the collision.

(h) That appellee, after he discovered appellants' automobile, could not have driven his car to the right and rear of appellants' car, and thus have avoided the collision.

(i) That appellee, under all the circumstances, as he approached and entered Calhoun avenue, did keep a proper outlook for other vehicles approaching from the right upon Calhoun avenue.

(j) That appellee's failure to turn to the left on Calhoun avenue after he discovered the approach of appellants' car was not negligence.

(k) That appellee's failure to stop when he discovered the approach of appellant's automobile, and that the driver of appellants' automobile was not looking, was not negligence.

Upon the answers of the jury, the court entered judgment in favor of appellee against appellants for $650. Motion for a new trial was overruled, and the case is before us on appeal.

Appellants' first proposition is:

"Where a cause is being tried for damages to an automobile to a jury and an insurance company is defending in behalf of the defendant under a property damage policy, it is improper and highly prejudicial to the right of the defendants for a witness to voluntarily give testimony which informs the jury that the defendants are protected by insurance; and the defendants are entitled as a matter of law, upon motion duly and timely made, to have the jury discharged and a mistrial declared by the court."

The basis of this proposition is reflected by appellants' bill of exception, as follows:

"* * * While the witness, Miss Maw Q. Garther was on the witness stand testifying as a witness for the plaintiff, and while on cross-examination, was asked the following question by counsel for defendants:

"Q. 'You spoke about making a statement while ago. Is that the statement you have reference to?'

"And the witness inadvertently, and without knowing the effect of her answer, answered as follows:

"A. 'Yes, sir. I made that to the insurance adjuster.'

"Whereupon Counsel for defendants then and there in open court requested the court to discharge the jury and declare a mistrial in this cause for the reason that the witness had stated that an insurance adjuster had taken the statement from her and when the question of defendants' counsel did not call for such an answer, whereupon, upon instruction of the court the jury was retired from the court room and after consultation between counsel for both parties and the court the jury was returned to the court room and jury box, whereupon the court, on his own initiative, and over plaintiff's objection, instructed the jury as follows:

"'Gentlemen of the Jury: In response to the question asked the witness on the stand she gave an answer as to who she gave the statement to. (Question and answer read) Gentlemen, the witness inadvertently answered the question without any intention of disregarding the law in the case. The jurors are sworn to try this case according to the law and the evidence, not according to who might or might not be a party.'

"'I am sure you will act in deference to that oath, that is the way you will decide it. I instruct you not to consider that answer, in arriving at your verdict you won't take that answer into consideration, either for or against either side.'

"Whereupon counsel for the defendants renewed his motion to discharge the jury and declare a mistrial for the reason that the witness had stated that the statement had been obtained from her by an insurance adjuster, and, therefore, got before the minds of the jury and indelibly planted in the minds of the jury that the defendant was fully covered by insurance and that any instruction by the court could not eliminate or erase from the minds of the jury the fact that the defendant would not have to pay any judgment that might be rendered herein but it would have to be paid by an insurance company.

"The court overruled said objection with reference to discharging the jury and declaring a mistrial, and forced and compelled the defendant to proceed with the trial before the same jury, to which action of the court the defendants in open court excepted, and now tenders this their Bill of Exception No. 1 and asks that this be approved by the court and allowed as a proper bill of exception herein."

■■ Under this proposition, appellants insist that the court committed reversible error in not dismissing the jury and declaring a mistrial. We think the assignment should be overruled. As a general rule, in cases of this nature it is held that the improper injection into a jury trial of the fact that the defendant is protected by insurance constitutes reversible error. D. & H. Truck Line v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661 (writ denied). However, it is believed that in cases involving this question the reversal has been where and because the improper matter was deliberately injected into the trial, and where it was determined that same was prejudicial. On the other hand, where the question of insurance was inadvertently injected into the case, and the jury were instructed not to consider it, and it did not appear to have influenced the verdict, or manifestly had no appreciable effect on the verdict, it has been frequently held not to be a cause for reversal. D. & H. Truck Line v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661.

In the instant case the matter was brought out by counsel for appellants exhibiting a paper or document to Miss Garther, a witness testifying for appellee, and asked her if that was a statement she had made relative to the collision, and she replies: "Yes, sir. I made that statement to the insurance adjuster." It is stated in appellants' bill of exception that the witness answered inadvertently and without knowing the effect of her answer. When counsel for appellants objected to the answer and moved the court to dismiss the jury and declare a mistrial because of the answer of the witness, the court retired the jury, and, after consultation between both parties and the court, the jury was returned to the courtroom and charged by the court not to consider the answer of the witness. The court found that the statement made by the witness was inadvertent. We think he was correct, and we so find. Furthermore, if the matter had stopped at the point when the court instructed the jury not to consider the answer, it is very doubtful if the jury would have ever known that the insurance adjuster referred to by the witness had any connection with appellants. In her answer to appellants' counsel, she simply said: "Yes, sir. I made that statement to the insurance adjuster." What connection that adjuster had with the matter in controversy herein, if any, we do not think was remotely disclosed by the answer. The damages claimed were for injuries growing out of an automobile collision. Does the answer of the witness disclose that the adjuster mentioned represented an insurance company that had insured appellants' automobile or the automobile of appellee? It was as reasonably applicable to the one as to the other.

Appellants' bill of exception set out, supra, shows that, when the court refused appel-

lants' motion to dismiss the jury and declare a mistrial, and instructed the jury not to consider the answer of the witness, counsel for appellants renewed his motion to dismiss the jury and declare a mistrial, "for the reason that the witness had stated that the statement had been obtained from her by an insurance adjuster, and, therefore, got before the minds of the jury and indelibly planted in the minds of the jury that the defendant was fully covered by insurance and that any instruction by the court could not eliminate or erase from the minds of the jury the fact that the defendant would not have to pay any judgment that might be rendered herein but it would have to be paid by an insurance company."

We think the first information the jury had that appellants were insured and thus protected against any judgment that might be given against them by reason of the collision was in the statement of counsel aforesaid in the presence of the jury. We do not think the answer of the witness was calculated to or did in any manner influence the jury in arriving at their verdict. Horton v. Benson (Tex. Civ. App.) 266 S. W. 213. In the cited case the facts were much like those in the instant case and the question under discussion identical. A writ of error was granted in the case, but the judgment was affirmed, 277 S. W. 1050, wherein Judge Speer of the Commission of Appeals specifically approved the holding of the Court of Civil Appeals on the question. See, also, Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; Allen & Co. v. Shook (Tex. Civ. App.) 160 S. W. 1091 (writ refused); Burnett v. Anderson (Tex. Civ. App.) 207 S. W. 540, each of which is directly in point, and sustains our holding.

What we have said disposes of appellants' second proposition.

Appellants' third proposition complains that the court erred in overruling their objections to the admission of certain testimony. We do not believe that the court erred in admitting the evidence, but, if so, it was harmless, in view of all the evidence, and did not prejudice appellants' defense.

■■ The court charged the jury that:

"The law charges all persons approaching and about to enter street intersections to keep a reasonable and proper lookout, and where two are approaching and about to enter the intersections of two streets, drivers of automobiles approaching from the right are, under the law, entitled to the right of way, and a failure to surrender such right of way would be negligence as a matter of law. However, after a person has crossed the intersection of two streets, a failure to surrender the right of way to a car approaching from the right, where such approaching car has not reached the intersection of said

streets, would not be negligence as a matter of law."

Appellants' fourth proposition challenges the latter portion of this charge, that part beginning with and following after the word "However," as error, because of which, they say, the judgment should be reversed. Appellants timely objected and excepted to this portion of the charge on the ground that it was an incorrect statement of the law, in that it relieved appellee, as a matter of law, from exercising any care in the event the jury should believe that appellee reached the intersection of the streets first. They here urge the same objection to the charge. Appellee urges, as a counter proposition, that "an automobile which first reaches and passes onto the intersection of two streets has the right of way over another automobile approaching said intersection, even though the latter automobile is to the right of the automobile which had first reached and passed onto said intersection."

The record shows that appellee reached and passed the intersection of the streets at a time when appellants' car was back some thirty or forty feet from the intersection, and that both cars were traveling at about the same rate of speed. The jury found that appellee first reached and entered onto the intersection. It is the contention of appellants that, because of this finding, under the court's explanatory charge above set out, and to which they objected, the jury had to find that appellee was not guilty of negligence in failing to stop or in failing to turn to the west on Calhoun avenue. We do not believe the court's charge is subject to appellants' criticism. It is true that article 801 (E) Texas Penal Code, provides:

"The operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

The court charged in accordance with this law that:

"Where two are approaching and about to enter the intersection of two streets, drivers of automobiles approaching from the right are under the law entitled to the right of way and a failure to surrender such right of way would be negligence as a matter of law."

The court then gave the further charge complained of by appellants. This charge does not relieve appellee from the exercise of care, as contended by appellants, but tells the jury in effect that, if appellee had reached and entered the intersection of the streets before appellants' car had reached said intersection, then appellee's failure to surrender the right of way to appellants would not, as a matter of law, be negligence. Whether there was negligence would depend upon the facts—it would not be so as a matter of law. The duty of exercising ordinary care to avoid collision with other cars still, under the court's charge, rested upon appellee. But, we take it, appellants' contention goes to the effect that, where one operating a car approaches a street intersection, and sees another car approaching from the right, but further away from the intersection, and, according to the speed of the two cars, the one approaching from the right will not reach the intersection at about the same time, or before the one approaching from the left, nevertheless the one coming from the left must or should stop and wait until the car from the right passes onto and over the intersection.

If this interpretation of the law is correct, then the court's charge was error. But we do not believe that to be the correct interpretation of the law. The statute does not give to vehicles approaching from the right an absolute right of way under any and all conditions, regardless of the distance such approaching vehicle may be from the street crossing. The statute must be given a reasonable interpretation, and should be interpreted to mean that, if one approaching an intersection from the left finds no one approaching it on the other street from the right within such distance as reasonably to indicate danger of collision, he is under no obligation to stop and wait, but may proceed in the exercise of reasonable care. Barnes v. Barnett, 184 Iowa, 936, 169 N. W. 365; Kunz v. Thorp Fire-Proof Door Co., 150 Minn. 362, 185 N. W. 376; Schultz v. Nicholson, 116 Misc. Rep. 114, 189 N. Y. S. 722; Lee v. Pesterfield, 77 Okl. 317, 188 P. 674; Burdette v. Henson, 96 W. Va. 31, 122 S. E. 356, 37 A. L. R. 489; Ward v. Gildea, 44 Cal. App. 380, 186 P. 612; Groeschell v. Washington Chocolate Co., 128 Wash. 589, 224 P. 19; Ward v. Clark, 232 N. Y. 195, 133 N. E. 443; Jackson v. Brown, 106 Conn. 143, 137 A. 725.

The evidence abundantly supports all of the jury's findings, and, no reversible error being shown, the judgment should be affirmed, and it is so ordered. At a former day we filed an opinion herein affirming the judgment. We here withdraw that opinion and file this in lieu thereof.

The judgment is affirmed.