## EXPORTERS' & TRADERS' COMPRESS & WAREHOUSE CO. v. BARGANIER. *

### No. 952.

Court of Civil Appeals of Texas. Waco.

July 29, 1930.

Rehearing Denied July 29, 1930.

Bartlett & Carter, of Marlin, and J. W. Spivey, of Waco, for appellant.

Frank Oltorf, of Marlin, and Sam R. Scott, of Waco, for appellee.

GALLAGHER, C. J.

Appellee, H. O. Barganier, sued appellant, Exporters' & Traders' Compress & Warehouse Company, to recover the value of fifteen bales of cotton in the sum of $1,500, with legal interest thereon from the date of filing suit. This is a companion case to Exporters' & Traders' Compress & Warehouse Company v.

*Writ of error granted.

Hemphill (Tex. Civ. App.) 292 S. W. 599, and Exporters' & Traders' Compress & Warehouse Company v. Shaw (Tex. Civ. App.) 20 S.W. (2d) 248. The pleadings in this case are substantially the same as in said two cases and the evidence, except on the issue hereinafter discussed, is substantially the same as in said cases.

Appellee alleged, in substance, that appellant theretofore had been engaged in compressing cotton; that, in addition to receiving cotton to be compressed, it also received and stored cotton for hire; that it thereby assumed the duties, responsibilities, and liabilities of a warehouseman; that, when appellant received said cotton, it issued receipts therefor, stating that the same was received for storage and compression, and binding it to redeliver the same to the legal holder of such receipts or pay the market value thereof. Appellant in its answer alleged that, if it received any cotton from appellee, the same was received under written receipts or contracts issued by it, which recited that the same was received for storage and compression and expressly bound it to redeliver the same to the legal holder of such receipt or contract or to pay the market value thereof based upon the weight therein shown, loss or damage by fire excepted. Appellant further alleged in this connection that, if such cotton was ever received by it, the same was destroyed by fire of incendiary origin.

Appellee replied thereto by alleging that appellant was negligent in some sixteen specific matters with reference to the safekeeping of said cotton, and that each of the acts of negligence so charged was the proximate cause of the destruction thereof. Appellee further alleged that the stipulation exempting appellant from liability in case of the destruction of said cotton by fire was, because of such negligence, void and unenforceable, and constituted no defense to the demands asserted by him in this suit.

The case was submitted to the jury on special issues, in response to which the jury found, in substance, that:

(a) Appellant did not use ordinary care in supplying water hose of sufficient length to reach the place on its platform where the fire originated, and such failure proximately caused the destruction of appellee's cotton.

(b) Appellant did not use ordinary care in supplying its platform with hose of sound material, and such failure proximately caused the destruction of appellee's cotton.

(c) Appellant did not require its night watchman to encircle all the cotton on its platform on his regular trips of inspection. Appellant, in failing to so require, failed to exercise ordinary care, and such failure proximately caused the destruction of appellee's cotton.

(d) Appellant did not exercise ordinary care in providing for observation, inspection, and examination of cotton situated on the extended portion of its platform, with a view of protecting the same from fire, and its failure to do so proximately caused the destruction of appellee's cotton.

(e) Appellee's cotton weighed 8,180 pounds, and the reasonable value thereof at the time it was destroyed was 16 cents per pound.

The court rendered judgment on the verdict in favor of appellee against appellant for the value of the cotton as found by the jury, with interest thereon, amounting in the aggregate to $1,858.49.

## Opinion.

Appellant presents as ground for reversal two propositions, numbered 28 and 29, respectively, as follows:

"(28) The finding of the jury and the judgment are excessive in amount and as to the weight of cotton, in that they embrace two certain bales of cotton for which there was no sufficient pleading to warrant recovery.

"(29) The finding of the jury and the judgment are excessive in amount and as to weight of cotton, in that they embrace two certain bales of cotton for which there was no legally competent evidence to warrant recovery."

Appellee on the trial of the case produced fifteen tickets and testified in connection therewith as follows: "I owned the cotton for which those tickets were issued. I delivered or had delivered to the compress the fifteen bales of cotton represented by these tickets and I received these tickets from the compress company. I have never gotten the fifteen bales of cotton back."

The weight of each of said bales of cotton was recited in the face of the ticket representing the same. The aggregate of said recitals amounted to 8,180 pounds, as found by the jury. Thirteen of said tickets contained provisions in harmony with the allegations of both appellee and appellant and were admitted in evidence without objection. All of said tickets were signed for appellant by one Nunn. Two of said tickets, which appellee also testified he got from appellant, were in different form. One of said tickets was as follows:

"Received of Exporters & Traders Compress & Warehouse Company the following cotton tickets: From H. O. Barganier Ticket No. 25132 Weight 518.

"[Signed] Nunn."

The other of said tickets was in the same form, except that it had a different ticket number and recited a weight of 545 pounds. H. E. Wren, a witness for appellee, testified, in substance, that he had extensive dealings with appellant during that fall prior to the fire; that Nunn was one of its employees at that time; that its cotton tickets were numbered serially for the entire season; that, when the supply of serial tickets was tempo-

rarily exhausted, its employees used an old abandoned form of ticket; that the two tickets in question were on such abandoned form; that, when tickets issued on such form were afterwards tendered to appellant, they were taken up and tickets with the same serial number and like recitals as to weight issued in lieu thereof upon the regular form in use at that time. Appellee testified in this connection on cross-examination that he did not in person deliver all the cotton represented by the fifteen tickets introduced in evidence; that some of such cotton was delivered by tenants; that he could not say whether the two irregular tickets were issued to him or to a tenant. Further than such cross-examination, appellant made no attempt to controvert appellee's testimony.

The specific contention urged by appellant in this connection seems to be that appellee having alleged that, appellant issued a ticket for each bale of cotton delivered to it by him, and that each such ticket acknowledged receipt of such bale and bound appellant to redeliver it to the legal holder of such receipt or pay the cash market value thereof, he was required to prove his case by introducing tickets containing such recitals. Had appellee's cause of action as submitted to the jury been based solely on breach of contract, such contention might be sound. While the cause of action asserted by appellee in his original petition was so based, he in his supplemental petition set up a cause of action based on appellant's failure to exercise, for the safety and preservation of his cotton, the care required by article 5632 of our Revised Statutes. Said article provides in part that a warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise. Said article prescribed the measure of appellant's duty under the circumstances in evidence. Cameron Compress Co. v. Whitington (Tex. Com. App.) 280 S. W. 527, par. 1. The jury found that appellant failed to discharge such duty and that such failure was the proximate cause of the destruction of appellee's cotton. Appellee's recovery herein is based on such findings. The Court of Civil Appeals for the Sixth District, in Texarkana & Ft. S. Ry. Co. v. Rosebrook-Josey Grain Co., 52 Tex. Civ. App. 156, 114 S. W. 436, 441, in discussing a similar contention, held, in substance, that, where one has charge of the goods of another under a contract of bailment, and after obtaining such possession, negligently permits their destruction under circumstances which would render him liable to the bailor for the value, if the suit for such value is brought specifically for the loss occasioned by such destruction, the details of the contract of bailment are immaterial in such action, and allegations regarding such details should be treated merely as a matter of inducement and strict adherence thereto not required in the introduction of testimony. Such holding was expressly approved by the Supreme Court in the case of Elder, Dempster & Co. v. St. L. S. W. Ry. Co., 105 Tex. 628, 154 S. W. 975, 984. Appellee's pleadings in this case sufficiently alleged that he delivered to appellant fifteen bales of cotton of the aggregate weight of 8,180 pounds for storage and compression; that appellant issued receipts representing the same; that said cotton was never returned to him; and that the destruction thereof by fire was caused by appellant's negligence. Since appellant's cause of action was for negligent destruction of the property, the details of the contract of bailment as recited in the receipts issued therefor were, under the authorities cited, immaterial. The testimony offered by appellee was admissible in support of such allegations and sufficient to sustain the findings of the jury thereon. See, also, on appellant's contention of variance, Brown v. Sullivan, 71 Tex. 470, 476, 477, 10 S. W. 288; First Nat. Bank v. Stephenson, 82 Tex. 435, 436, 18 S. W. 583; Woolley v. Canyon Exchange Co. (Tex. Civ. App.) 159 S. W. 403, 404, par. 2, writ refused; Federal Surety Co. v. Ragle (Tex. Civ. App.) 25 S.W.(2d) 898, 901, par. 4; Grisdale v. Thompson (Tex. Civ. App.) 246 S. W. 426, par. 1; Goodwin v. Abilene State Bank (Tex. Civ. App.) 294 S. W. 883, 889, par. 9; Collins v. Chipman, 41 Tex. Civ. App. 563, 95 S. W. 666, 673.

Appellant, in its thirtieth proposition, contends that the action of the court in admitting over its objection the testimony of appellee's witness Wren, as hereinbefore set out, constitutes reversible error. We think such testimony was admissible. 17 C. J. p. 497, § 60.

Appellant presents various other propositions as ground for reversal. Such propositions raise substantially the same issues of law presented and urged by appellant as ground for reversal in the companion cases of Exporters' & Traders' Compress & Warehouse Co. v. Hemphill, and Exporters' & Traders' Compress & Warehouse Co. v. Shaw, above cited, in which all of same were considered, discussed, and overruled. We adhere to our former rulings thereon.

The judgment of the trial court is affirmed.