## PANHANDLE COMPRESS & WAREHOUSE CO. v. BORUM.

No. 4588.

Court of Civil Appeals of Texas. Amarillo. April 27, 1936.

Rehearing Denied June 8, 1936.

Life & Moseley, of Athens, for appellant.

Ayres & Ayres, of Floydada, for appellee.

MARTIN, Justice.

Appellant was a public warehouseman in the town of Floydada. It received from and stored for appellee 15 bales of cotton. All were subsequently destroyed by fire. Appellee brought suit for their value, alleging their negligent destruction. He pleaded in part:

"That during the fall of 1933, and prior to and up to the time of the destruction of said warehouse by fire, while said defendant did not maintain any person at said warehouse to receive cotton during the nighttime, said defendant permitted and authorized any person who might so desire, to deliver and unload cotton into said warehouse at any hour of the night, and that during such period of time, deliveries of cotton were frequently made to said warehouse during the night, in the absence of any agent, servant or employee of said defendant.

"That by reason of its isolated location, the ease of access thereto from said Highway and from said railroad track, and its unlighted condition, said warehouse was open and highly susceptible to the invasion

upon and into same of any person who might see fit to enter said warehouse, for any purpose, all of which was well known to said defendant, its agents, servants, and employees, or could have been known by the exercise of ordinary care and prudence.

"That it from time to time occurs that a bale of cotton leaves the gin with a dormant fire inside of same; that such dormant fire within a bale of cotton may and frequently does burn for several hours before becoming visible, or discoverable upon casual inspection or examination; that prior to, and up to the time of the destruction of defendant's said warehouse by fire, most of the cotton delivered to defendant's said warehouse, or a considerable portion of same, was delivered to said warehouse directly from the gin, and within a short time after such cotton had been turned out by the gin; all of which was well known to said defendant, its agents, servants, and employees, or could have been known by the exercise of ordinary care and prudence.

"That said defendant, notwithstanding its knowledge of the facts hereinabove alleged, and in negligent and careless disregard of its duty to plaintiff to exercise ordinary care and prudence for the safety and preservation of plaintiff's cotton from destruction by fire, wholly failed to maintain any character of guard, patrol, or watch over, in· or about said warehouse, during the nighttime, prior and up to the time of the destruction of said warehouse by fire, but during such period of time, permitted said warehouse and the contents thereof to remain wholly deserted and unguarded at nighttime."

All issues were answered favorably to appellee. Judgment was entered for him against appellant for the sum of $742.86, with interest thereon at 6 per cent. from October 31, 1933, the date of said fire.

Appellant has filed a lengthy brief containing a multitude of propositions. Most of these present nothing for review, under rules long established and repeated with monotonous regularity·by appellate courts week after week. To conserve space, we dispose of many contentions by a general discussion. As typical of a great number of these we quote the following:

"Thirteenth Proposition. Immaterial, irrelevant and prejudicial matter should not be admitted in evidence over objection.

"Fourteenth Proposition. Opinion and conclusion evidence is not admissible.

"Fifteenth Proposition. To testify as an expert witness must be qualified, and cannot then testify as to matters within the province of the jury."

As so many of the profession have apparently not yet grasped the meaning and purpose of a proposition, we again repeat the rule so ofttimes stated: "It must present something definite and tangible and not a mere abstraction or generalization affirming what is alike applicable to all cases. In other words a proposition points with certainty to some specific error in the trial, and one which consists merely of a general statement of an abstract rule of law will not be considered." 3 Tex. Jur. pp. 880, 881.

Appellant's brief is equally defective in failing to support its propositions by appropriate statements. Some of them do not contain a single reference to the record. The rule is: "A statement is required to contain a clear and accurate statement of the record bearing upon the particular proposition, with a reference to the pages of the record. In other words a statement must set out or state the substance of the portion of the record involved in the proposition, together with a reference to pages of the record where it may be found, so that the court, without examining the entire statement of facts, may determine whether error was committed, and if so whether the error is prejudicial." 3 Tex. Jur. pp. 896, 897.

We will, however, in justice to appellant, resolve any doubtful ones in its favor, which perhaps will result in a disposition of most, if not all, that are worthy of discussion.

 Appellant is a corporation, and admittedly a nonresident of Floyd county. Appellee claimed venue in Floyd county under subdivision 23 of article 1995, providing in substance for venue against a corporation in the county where the cause of action against it, or a part thereof, arose. If appellee had any cause of action at all, Floyd county had venue, since all of it arose in Floyd county. Appellant, however, claims that appellee's controverting affidavit to its plea of privilege was filed too late, and the district court lost jurisdiction to do anything except transfer this case to Henderson county, the appellant's residence.

Appellee's suit was filed May 3, 1934, and appellant's plea of privilege June 30, 1934. Court met October 8, ·1934. The contro-

verting affidavit of appellee was not filed until October 20, 1934. Appellant made a motion to strike this, and a hearing thereon was had before the trial court, which overruled same. The evidence for appellee at this hearing in its most favorable light to him was in substance: That just before the convening of court in October his attorney, through a stenographer, inquired at the district clerk's office if any plea of privilege had been filed, a search of such office was made, disclosing none had been, and was assured by the clerk that none had been; that the case was called October 9th for setting, and again inquiry was made of one of present counsel and the assurance given that nothing had been filed; that the case was then set by agreement for October 22d; that appellee's counsel first learned about October 20th of such filing, and immediately filed his controverting affidavit. If an issue existed, the implied finding of the trial court is overwhelmingly supported by the evidence that good cause was shown for the delayed filing of the controverting affidavit. Though the statute (Rev.St.1925, art. 2007) prescribes five days as the limit for filing same, the trial court does not lose jurisdiction over the plea of privilege under the recited circumstances, and may for good cause shown consider a controverting plea filed after the statutory time. The appellant has confused the lack of jurisdiction of the trial court to enter judgment in the main case until a proper plea of privilege is disposed of, with that of its power to pass on such plea. This precise question was decided adversely to appellant by the Supreme Court Commission in the case of Texas-Louisiana Power Co. v. Wells et al., 121 Tex. 397, 48 S.W.(2d) 978, where the controlling facts substantially parallel those found here. In the case of Pacific American Gasoline Company of Texas et al., v. Miller et al., 74 S.W.(2d) 720, this court held the trial court had the power to pass on a plea of privilege after the statutory time had elapsed for filing a controverting plea. See, also, Page et al. v. Schlortt et al. (Tex.Civ.App.) 71 S.W.(2d) 886, 888.

No notice of the filing of such controverting affidavit was served upon appellant, and this is urged as a ground of reversal. The entire case was twice continued for the term by agreement, without prejudice, but with full knowledge of the filing of such controverting plea. The appellant proceeded to trial without questioning either the form of the controverting plea or the right to a hearing without notice. Under the authorities such question was waived. Duvall v. Boyer (Tex.Civ.App.) 35 S.W.(2d) 181; Paxton v. First State Bank (Tex.Civ. App.) 74 S.W.(2d) 132.

Nor did the trial court commit reversible error in admitting in evidence appellant's sworn plea of privilege to prove that it was a corporation. This fact was admitted in such plea, and appears elsewhere in the record conclusively. There was no error in merely permitting proof of an admitted material fact. Texas-Louisiana Power Co. v. Wells, supra.

It is claimed that certain warehouse receipts issued in the name of another were inadmissible, and, if admissible, proved that appellant was not operating the warehouse, where appellee's cotton was stored. Though issued in the name of another, it was conclusively shown that they were issued by and for appellant. Appellee did not sue upon these. His suit was not one on contract, but in tort, and they, in connection with oral testimony, proved a bailment to appellant of certain cotton. Their contents as a contract seem immaterial to this suit, further than evidencing the identity of appellee's cotton. Exporters' & Traders' Compress & Warehouse Co. v. Barganier (Tex.Civ. App.) 31 S.W.(2d) 321. In any event, it conclusively appears that 15 bales of appellee's cotton were stored with appellant and the error, if any, was harmless.

We are of the opinion that the trial court did not err in overruling appellant's plea of privilege.

In paragraph 11 of its petition, appellee alleged in substance that article 5600 placed upon appellant the duty to carry insurance, and it negligently failed to do so, which was the proximate cause of appellee being deprived of the benefit of insurance upon his cotton. An exception was sustained to this. Appellee's attorney started to and did read a portion of this paragraph to the jury. The appellant excepted to such action, and asked the court to declare a mistrial. The trial court refused, but instructed the jury to not consider same. The circumstances support, we think, an implied finding of the trial court that

such action was inadvertent. Moreover, the matter was not of that inflammatory character that required the action demanded. The allegation showed "no insurance," not that appellant had insurance which might cause the rendition of an improper verdict. D. & H. Truck Line v. Lavallee (Tex.Civ.App.) 7 S.W.(2d) 661; Guest Motor Co. v. Olcott (Tex.Civ.App.) 26 S.W.(2d) 373.

This also disposes of an allegedly improper argument of appellee's counsel.

■ The court did not err in permitting appellee to testify that, had he known appellant maintained no night watchman, he would not have placed his cotton in appellant's warehouse. This matter was injected into the case by appellant in both his pleading and proof. A statement concerning this was first elicited by appellant, and afterwards gone into in reply thereto by appellee. The same matter was specifically pleaded by appellant as "assumed risk" and submitted as a defensive issue. It would be a strange doctrine to hold that appellee could not deny the existence of a fact, claimed by appellant as a complete defense and to be proven circumstantially.

■ It is claimed that the court erred in its definition of proximate cause, in that the element of "intervening cause" is omitted therefrom. Also that the court erred in failing to charge defensively on "unavoidable accident." The assignments of error raising these questions are multifarious and the propositions mere abstractions. No attempt is made to show from the statement of facts that any evidence was introduced raising these issues. Unless the evidence raised such issues, it is elementary that such matters need not be submitted defensively. We decline to hunt through a cumbersome record to ascertain if such existed.

■ The evidence followed the allegations set out above, and, in our opinion, sufficiently supported the verdict of the jury.

This case is not essentially different, as we view it, from that of Exporters' & Traders' Compress & Warehouse Co. v. Barganier (Tex.Civ.App.) 31 S.W.(2d) 321, affirmed in Exporters' & Traders' Compress & Warehouse Co. v. Bargainer (Tex.Com.App.) 45 S.W.(2d) 563.

If any reversible error occurred in the trial of this case, it has not, in our opinion, been properly called to our attention.

The judgment is affirmed.