## McCLURE v. WOOD et al.

### No. 1932.

Court of Civil Appeals of Texas. Eastland.

Sept. 22, 1939.

Steakley, Harris & Nunn, of Sweetwater, for appellant.

Scarborough & Ely, of Abilene, for appellees.

GRISSOM, Justice.

E. R. Wood, and others, sued J. C. McClure for damages. From a judgment overruling defendant's plea of privilege and for plaintiffs on the merits of the case, McClure has appealed. The sole question presented by the appeal is whether or not the court erred in overruling defendant's motion to sustain his plea of privilege. See Bulova Watch Co. v. Sutherlin, Tex.Civ. App., 106 S.W.2d 1087.

Prior to a trial of the plea of privilege contest and the merits, the court heard evidence on defendant's "motion to sustain plea of privilege" wherein defendant contended that since the contest of the plea of privilege was not disposed of at the term of court at which the plea of privilege and controverting affidavit were filed, the court retained jurisdiction only to enter one order, to-wit, an order transferring the cause to the county of defendant's residence. The court found that plaintiffs had exercised reasonable diligence to procure a hearing on the plea of privilege at the term of court at which it was filed, overruled the motion, and, upon a trial, rendered judgment overruling defendant's plea of privilege and for the plaintiffs on the merits of the case. The record discloses:

(1) That defendant's plea of privilege was filed February 22, 1938. (2) Plaintiffs filed their controverting affidavit February 23. (3) On March 1, the court set the date for hearing the plea of privilege contest for March 18. (4) That on March first the clerk of the court issued notice of the hearing and copy of the controverting affidavit to be served on defendant who was a resident of Nolan County. That the no-

tice was delivered by the clerk to plaintiffs' attorney who, on the same day, mailed the notice to the sheriff of Nolan County with the request that it be served on the defendant "at your earliest convenience" and with directions for the return of the notice after service. (5) That plaintiffs' attorney on March 15 having failed to receive a reply to his letter to the sheriff and the notice not having been returned, wrote to the sheriff asking him to advise whether or not the notice had been served, and requesting if it had been served, that it be returned. Plaintiffs' attorney received a reply from the sheriff's deputy stating, in effect, that the defendant lived in Nolan County in the same town where the sheriff lived, that the deputy had made several trips to defendant's place of business, and also to the place where the defendant was "supposed" to reside, and stating that the defendant was "hard to get hold of will lay for him if no other way." (6) That plaintiffs' attorney immediately after receiving the letter from the deputy sheriff wrote defendant's attorney inquiring if he would waive service. The letter to defendant's attorney was dated March 17, 1938. (7) Defendant's attorney did not reply. Plaintiffs' attorney testified he waited until the first part of April expecting an answer from him. (8) That about April 8, he concluded defendant's attorney was not going to reply and plaintiffs' attorney secured another setting of the trial of the plea of privilege, which setting was for April 25. (9) On April 8, new notices were issued by the clerk, delivered to plaintiffs' attorney, and by him mailed to the sheriff of Nolan County. This notice was served on the defendant on the 11th day of April, and was returned and filed in the trial court about the 25th day of April. (10) The February term of court expired April 16, 1938.

It will be observed that plaintiffs promptly, and apparently prior to the time required by law, filed their controverting affidavit, and within a reasonable time thereafter obtained a setting of the contest of the plea of privilege and the issuance of notice of the date fixed for the hearing and a copy of the controverting affidavit to be served on defendant. Article 2008, Rev.St.

1925, provides that a trial shall not be had on the plea of privilege and controverting affidavit until a copy of the controverting affidavit, including a copy of the notice of the trial judge's setting of the contest, "shall have been served on each defendant, or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

As stated, appellant's claim that the judgment should be reversed rests alone upon the contention that the trial court had jurisdiction only to enter an order transferring the cause to Nolan County, because the hearing of the plea of privilege contest was not had during the term at which the plea of privilege and controverting affidavit were filed, and because the business of the court was such that such contest could have been disposed of at said term of court. Many cases lay down the general rule that the plea of privilege must be disposed of at the term of court at which it is filed if the business of the court permit, and that if not then disposed of, the court retains jurisdiction only to transfer the cause, unless the plea of privilege is waived. We think it evident such a rule cannot be applied where there has been no service, or waiver of service, of the copy of the controverting affidavit with a notation of the setting of the hearing by the trial judge when service has been sought. The statute expressly provides no such hearing shall be had until after ten days service.

The real question presented is whether or not plaintiffs have shown that they exercised reasonable diligence to procure a hearing on the plea of privilege at the term of court at which it was filed. On this issue the trial court has found for the plaintiffs. Under this record we are unauthorized to hold that as a matter of law plaintiffs failed to exercise the diligence required by law. Spencer v. Sevier, Tex.Civ.App., 5 S.W.2d 589. From these conclusions it results that the judgment of the trial court should be and it is in all things affirmed.