**TERRY et al. v. ELLIOTT et al.**

No. 5322.

Court of Civil Appeals of Texas. Amarillo.
June 23, 1941.

Rehearing Denied Sept. 8, 1941.

Hinsley, Walker & Terry, of Austin, and Griffin & Morehead, of Plainview, for appellants.

J. H. O'Neall and Dennis Zimmermann, both of Tulia, for appellees.

FOLLEY, Justice.

This is an appeal from an order overruling pleas of privilege. The suit was originally filed in July, 1939, by the appellees, Jno. W. Elliott and eight other resident taxpayers of the Kress Independent School District in Swisher County, Texas, against the Board of Trustees of such school district, the Delinquent Tax Bureau, operating under an assumed name in Travis County, Texas, and Joe C. Carrington and Horace Walker of Travis County, alleged to be the owners of the Delinquent Tax Bureau, and A. Pattillo of Travis County, its agent, and Ross Terry and J. C. Hinsley of Travis County, its attorneys. By an amended petition the Kress Independent School District was made a party defendant. The purpose of the suit was to restrain the collection of certain delinquent taxes and the payment by the school board of any money therefor to the Delinquent Tax Bureau or its representatives under a contract made by such bureau with the school trustees for the collection of delinquent taxes due the school district. The appellees further sought to cancel the contract and recover the money theretofore collected by the Delinquent Tax Bureau. The appellants, A. Pattillo, Ross Terry, Horace Walker and J. C. Carrington filed their plea of privilege to be sued in Travis County, Texas. More than a year later a second plea of privilege was filed by the other appellant, J. C. Hinsley, also seeking to remove the cause to Travis County. In order to better understand the significance of these pleas of privilege a brief recitation of facts is necessary.

The record reveals that J. C. Hinsley, Horace Walker and Ross Terry compose the law firm of Hinsley, Walker & Terry with offices in Austin, Travis County, Texas. The contract for the collection of delinquent taxes was made on January 2, 1939, between the school trustees acting for the school district and Ross Terry as attorney for the Delinquent Tax Bureau. J. C. Carrington is a member of the Texas Legislature and he and Horace Walker organized the Delinquent Tax Bureau for the purpose of collecting delinquent taxes over the State of Texas. It seems that the law firm furnished its legal talent to the bureau for the collection of such taxes. A. Pattillo is the stenographer for the law firm.

The testimony of both Hinsley and Walker in the instant case was to the effect that the contract of the Kress Independent School District was made solely with Ross Terry and not with the law firm, however, the letters and checks introduced in evidence tended to refute this contention. Several letters were admitted in evidence which were sent out upon the letterhead of the Delinquent Tax Bureau from the office of the attorneys which were addressed to the citizens of the school district. In these letters suit was threatened in high pressure terms unless the taxes were paid and in some instances there was enclosed a copy of a purported waiver of citation for the recipient to execute and return, indicating that suit had already been filed and the property of the taxpayer about to be sold. These letters were signed in some instances "J. C. Hinsley, Attorney for Delinquent Tax Bureau" and in other instances "Delinquent Tax Bureau By A. Pattillo". There was also introduced in evidence numerous cancelled checks issued by the Kress Independent School District and payable to the order of "Delinquent Tax Bureau". On the reverse side of such checks the name "Delinquent Tax Bureau" was endorsed and under this assumed name there appeared "Hinsley, Walker & Terry" or "By Horace Walker, Hinsley, Walker & Terry" or "By Ross Terry, Hinsley, Walker & Terry". Also on one of the checks appeared the penciled notation "Deposit to Hinsley, Walker & Terry".

On September 8, 1939, three days before the beginning of the appearance term of the court, A. Pattillo, Ross Terry, Horace Walker and J. C. Carrington filed their plea of privilege to be sued in Travis County. The plea was signed and sworn to by Horace Walker as attorney for himself and the other defendants therein named. On September 13, 1939, the appellees filed their controverting affidavit. The trial court set the hearing on the plea of privilege for October 2, 1939. The clerk of the district court issued proper notice and sent the same to the Sheriff of Travis County for service upon Horace Walker as attorney of record for himself and the other defendants seeking a change of venue. The sheriff made his return as of the date of October 3, 1939, which was one day after the date of the hearing, with the notation that the notice was not served because Horace Walker was not found in Travis County. On October 5, 1939, only eight days before the September, 1939, term of the court adjourned, the court granted the motion of the appellees to continue the hearing on the plea of privilege because of the failure to obtain the service required by law and ordered the cause continued until the next term of the District Court of Swisher County which met on March 11, 1940. On October 11, 1939, an instrument was filed in the cause over the signature of Ross Terry to the effect that he was no longer employing Horace Walker as his attorney but that thereafter he would represent himself. There was no showing or indication that this instrument was ever called to the attention of the trial court.

On November 17, 1939, a new notice was issued by the district clerk and served by the Sheriff of Travis County upon Horace Walker as attorney for himself and for A. Pattillo, Ross Terry and J. C. Carrington. This notice was accompanied with a copy of the controverting plea of the appellees and an accompanying certified copy of the order of the court of the former term continuing the hearing on the plea until the next term of the District Court of Swisher County. Other than this order designating the continuance until the next term there was no particular day set for the hearing. This precept was served upon Horace Walker on November 20, 1939.

On April 2, 1940, Horace Walker and J. C. Hinsley appeared in the District Court of Swisher County for a hearing upon the plea which had been set for 1:30 P. M. on that day. Before any hearing was had it was learned that a son of J. H. O'Neal, counsel and witness for the appellees, had been seriously injured in an automobile accident which necessitated the absence of O'Neal from the county. Thereupon, upon motion of the appellees, the cause was continued without prejudice and without objection until the succeeding September, 1940, term of the court. In the order granting the continuance the hearing on the plea of privilege was reset for September 10, 1940 at 1:30 o'clock. Horace Walker and J. C. Hinsley were not only present during these proceedings but they prepared the order for the trial court continuing and resetting the hearing.

On September 10, 1940, the appellants failed to appear for the hearing. Counsel for appellees thereupon notified Horace Walker by letter that the hearing had been reset by the court for October 4, 1940. On the latter day J. C. Hinsley and Horace Walker appeared for themselves and the other Travis County parties. Subject to the plea of privilege theretofore filed they filed motions for all the appellants praying that the cause be transferred to Travis County and alleging that the court had lost all other jurisdiction of the case because the appellees had failed to use the due diligence required by law in obtaining a hearing upon the plea. In the alternative they prayed that the hearing on the plea be abated until proper notice might be given the appellants as required by law. At the same time J. C. Hinsley, who had not joined in the former plea, filed his individual plea of privilege to be sued in Travis County.

All these motions, pleas in abatement and pleas of privilege were tried together and all were overruled by the court. It is from this judgment the appeal is prosecuted.

The appellants present numerous propositions seeking a reversal of the trial court's judgment all of which may be reduced to three general contentions: The lack of proper notice to the appellants of the filing of the controverting plea of the appellees; the lack of diligence upon the part of the appellees to have the issues determined as required by law; and the insufficiency of the evidence to show a cause of action against the appellants in Swisher County.

We think there can be no doubt under the law that the notice of the contro-

verting affidavit served upon Horace Walker, as attorney of record for the appellants, was service upon all those parties represented by him, and under the circumstances of this case we are of the opinion that Terry would be included in such service notwithstanding his notice theretofore filed that Walker, his law partner, was no longer his attorney. Regardless of the testimony of the appellant attorneys to the contrary we think the trial court under all the evidence was authorized to conclude that the law firm of Hinsley, Walker & Terry constituted a partnership in the practice of law and particularly in the performance of the contract to collect the delinquent taxes and therefore notice to one partner was notice to all of them. Article 2033, Vernon's Annotated Civil Statutes. In so far as the individual plea of J. C. Hinsley is concerned we think under the circumstances it was untimely filed and filed only for the purpose of delay. Lacy v. Lacy, Tex.Civ.App., 122 S.W. 2d 1104. For no apparent reason Hinsley failed to join in the plea of privilege theretofore filed by his law partners. Two terms of court passed by after the filing of the first plea before Hinsley apparently decided he too would like to be sued in Travis County. On the day appointed for the hearing on the first plea Hinsley filed his individual plea. At such time he and his law partner Walker were present in court and participated in all the proceedings from which this appeal is brought. Such conduct we think constituted a waiver of any irregularities in the prior service and constituted an appearance upon the former plea. Since Hinsley was a member of the firm of Hinsley, Walker & Terry the judgment on the first plea of privilege was binding against him as a member of the partnership. Under these conditions the second plea of privilege became immaterial and the court was authorized to overrule it or to ignore it.

■ We are also of the opinion the appellees did not fail to use proper diligence to get the court to dispose of the first plea of privilege. The hearing on the first plea could not have been had at the appearance term in September and October, 1939, because service, although attempted, had not then been perfected. After the return of the sheriff of Travis County showing failure of service there was insufficient time remaining at that term in which to obtain service. At the succeeding March, 1940, term there was sufficient reason for a postponement due to the injury of the son of appellees' counsel. At any rate counsel for the appellants acquiesced in the action of the court in postponing the hearing without prejudice until the succeeding September, 1940, term of the court. Under such circumstances we do not think the trial court lost all jurisdiction of the case other than to transfer the cause. Duvall v. Boyer, Tex.Civ.App., 35 S.W.2d 181; Humble Pipe Line Co. v. Kincaid et al., Tex.Civ.App., 19 S.W.2d 144; McClure v. Wood et al., Tex.Civ.App., 131 S.W.2d 1046; Paxton v. First State Bank of Tatum, Tex.Civ.App., 74 S.W.2d 132; Panhandle Compress & Warehouse Co. v. Borum, Tex.Civ.App., 95 S.W.2d 185.

■ We are further of the opinion the evidence was sufficient to maintain the venue of this suit in Swisher County. The pleadings and proof showed the school district was located in such county. Although the appellees failed to prove the residence of the school trustees we may take judicial knowledge of the fact that they too resided in Swisher County. The testimony warranted the conclusion that the attorneys, Hinsley, Walker and Terry were parties to and beneficiaries under the written contract which the appellees sought to cancel. The testimony further revealed that Carrington was a part owner of the Delinquent Tax Bureau under the name of which the contract was made. The testimony further showed that A. Pattillo, the stenographer of the appellant attorneys was attempting to effect collections under the contract which action was the subject of the injunctive relief sought by the appellees. Such facts warranted the conclusion that all the trial court defendants were necessary parties to the suit within the meaning of the venue statutes. Under such conditions the court was justified in retaining the venue in Swisher County. Sections 4 and 29a of Article 1995, Vernon's Annotated Civil Statutes.

The judgment is affirmed.