**NOLTE v. SAENZ et al.**

No. 11108.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1942.

House & Irvin, of San Antonio, for appellant.

F. B. Guerra, Jr., of Hebbronville, and Homer E. Dean, Jr., and Lloyd & Lloyd, all of Alice, for appellee.

SMITH, Chief Justice.

The appeal is from an order of the District Court of Jim Wells County overruling the plea of privilege of appellant, Nolte, to be sued in Dallas County, Texas, upon allegations that he was a resident of the State of New York, but was temporarily residing in Dallas County.

The suit was returnable to the February term of the court, which was a four-week term, beginning on February 17th, and allowed by statute to continue in session until March 15th.

Nolte filed his plea of privilege on February 17th.

Appellees' controverting plea was timely filed on February 21st, on which day the court set the hearing for March 6th.

Notice of the hearing was issued at once, on February 21st, and forwarded the same day to the proper officer in Bexar County for service on appellant's counsel.

But that officer did not effect service of the notice until February 24th, and his return thereon was not made and filed in

the trial court until February 27th. By this delay in service appellant was not given the ten full days' notice of the hearing prescribed by statute.

When the hearing was called on March 6th, the day set, counsel for appellant, although present, declined to enter an appearance because appellant had not had ten full days' notice as disclosed in the officer's return whereupon the trial judge, upon his own motion, reset the hearing for the 2nd day of the next ensuing term, without prejudice to any right of either party.

When the matter was called up on the day set, counsel for Nolte, although again present, declined to participate and made a limited appearance, for the sole purpose of challenging the jurisdiction of the court to enter any order except to transfer the cause to Dallas County, on the ground that appellees had waived their right to contest appellant's plea of privilege by not procuring disposition thereof at the term at which it was filed.

The court disregarded appellant's protest and thereupon proceeded with the hearing and sustained the contest and overruled the plea of privilege. Nolte has appealed upon the sole point that appellees had lost their right to contest appellant's plea of privilege by not having the controversy disposed of at the return term. We overrule this contention, which is set out under appellant's only points, Nos. 1 and 2.

After hearing evidence, and presumably taking cognizance of the recited facts of record, the trial judge found: "(11) That the plaintiffs made the effort required of them by law and exercised all reasonable diligence to procure a hearing on said plea of privilege and affidavit of plaintiffs controverting the same at the term of Court at which said plea of privilege and controverting affidavit were filed; * * *."

■ This finding is not challenged by appellant by assignment of error, proposition or point, and is therefore binding upon this Court. It is well settled that a plaintiff does not lose his right to prosecute a timely filed contest of a plea of privilege at a subsequent term where it is shown he used due diligence to have the plea disposed of at the return term. This rule is supported by the authorities cited by appellees. Klapuch v. Dickey, Tex.Civ.App., 91 S.W.2d 484; McClure v. Wood, Tex.Civ.App., 131 S.W. 2d 1046; R-F Finance Corp. v. Jones, Tex. Civ.App., 50 S.W.2d 475.

■ It appears, as has been stated, that appellees used due diligence in procuring issuance of and in forwarding precept to the sheriff of another county, and that if the officer had served it in the ordinary course, as he failed to do, it would have been in time to give appellant ten full days' notice; that the officer then delayed making his return for three days; that the delay in service was not disclosed until the day set for the hearing, on March 6th; that appellant objected to the hearing at that time, or at least refused to participate therein for lack of service, which was his right; that thereupon the court continued the matter to the next term without prejudice, and reset it for the next term.

■ The record amply supported the trial judge's finding that appellees exercised reasonable diligence to procure a hearing at that term, which, within itself, saved to them the right to contest the matter at the next term. Moreover, in the absence of a contrary showing, it will be presumed that the "business of the court" would not "permit" disposition of the matter of privilege at that term. Art. 2013, R.S. 1925; Gregg v. DeShong, Tex.Civ.App., 107 S.W.2d 893.

As this matter of waiver is the only question specifically raised in this appeal by appellant, and no fundamental error appears of record, the conclusions we have stated settle the appeal and the judgment is affirmed.