(95 Misc. Rep. 252)

### JACOBS et al. v. RICHARD CARVEL CO., Inc.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

MUNICIPAL CORPORATIONS ☞706(8)—INJURIES TO PERSONS ON STREETS—ACTIONS—INSTRUCTIONS.

Where the traffic regulations required a vehicle turning to the left into another street to pass to the right of and beyond the center of the street intersection before turning, and plaintiffs, whose horse and wagon were injured in a collision with defendant's automobile, claimed that defendant's driver did not comply with the regulations, plaintiffs are entitled to have submitted the question whether the course taken by defendant's driver was not a compliance with the traffic regulations, and thus constituted negligence; this being particularly true, as the court refused to permit the jury to take with them into the jury room a copy of the traffic regulations.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ☞706(8).]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Edward Jacobs and Herman Jacobs, copartners doing business as Jacobs Bros., against the Richard Carvel Company, Incorporated. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

See, also, 156 N. Y. Supp. 766.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Frank Krevoruck, of New York City (J. J. Kramer, of New York City, of counsel), for appellants.

Giffin & Hannon, of New York City (Nathan F. Giffin, of New York City, of counsel), for respondent.

COHALAN, J.   Action to recover damages for the loss of a horse and for repairs to a wagon.   On February 9, 1915, plaintiff's horse and wagon, in charge of a driver, were proceeding easterly on 138th street in the borough of the Bronx.   When the driver reached a point near the intersection of Brook avenue and 138th street, there was a collision between the horse and wagon and a motor truck owned by the defendant, which had turned into 138th street diagonally in a northwesterly direction.   In consequence of the collision the horse received injuries which necessitated its being shot.   The left shaft of the wagon was broken, and the harness partially destroyed.

The question involved in the action was whether the defendant's truck ran into the plaintiffs' horse, or whether the plaintiffs' horse ran into the defendant's truck, and the issue was decided by the jury in favor of the defendant. On the trial a certified copy of chapter 24, section 11, of the City Traffic Regulations was received in evidence. These regulations require that a vehicle turning to the left into another street shall pass to the right of and beyond the center of the street intersection before turning. The evidence in the case was that the truck was proceeding northerly on the left, or the wrong, side of the street, and had made the turn before it had reached the center of 138th street. The court had said nothing declaratory of the traffic regulations in evidence, and· at the close of the charge this request was made and refused:

"I ask the court to charge the jury that if they find that the course taken by the defendant chauffeur, as testified to by him, was the wrong course, that the defendant was guilty of negligence, and that the plaintiff is not guilty of negligence contributing thereto; that is, the course taken as testified to by the chauffeur."

While the latter part of this request may not be clear, yet the plaintiffs were entitled to have the first portion thereof stated to the jury. This was important, too, in view of the fact that the court, in its discretion, refused to allow the jury to take the copy of the traffic regulations to the jury room. The course taken by the defendant's chauffeur in driving on the wrong side of Brook avenue, and taking a short turn into 138th street, was an element of importance for the jury to consider as bearing on the defendant's negligence. In fact, this court has already so held in this case. Jacobs Bros. v. Richard Carvel Co., 156 N. Y. Supp. 766.

It might be that the reckless driving on the part of the driver contributed to the accident, and that that action was sufficient to overcome the mere fact that the chauffeur was violating a city ordinance, but the jury was entitled to an instruction to that effect.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event.

BIJUR, J., concurs in the result. GUY, J., dissents.