### 14796.   YELLOW CAB COMPANY *v.* ECHOLS.

The evidence authorized a finding that the collision of the automobiles which resulted in the death of the plaintiff's husband was caused by negligence of the defendant's driver, and that the deceased was not chargeable with such negligence or want of ordinary care as would preclude a recovery.

This court cannot hold that the amount of the verdict, as reduced by writing off a part, is excessive.

No ground of the motion for a new trial requires a reversal of the judgment below.

DECIDED JANUARY 15, 1924.

Action for damages; from city court of Atlanta—Judge Reid. June 2, 1923.

Bessie Echols obtained a verdict against Yellow Cab Company in a suit for damages because of the alleged negligent homicide of her husband, Ralph Echols, who was killed on a street of the city of Atlanta by an automobile of the defendant, which struck a Ford truck in which he was riding.   The defendant complains of the overruling of its motion for a new trial, wherein error is assigned substantially as follows:

(*a*)   Because the evidence does not authorize the verdict; and the amount of the verdict is excessive.

(*b*)   Because the court erred in ruling that the following question, propounded by defendant's counsel to one of the plaintiff's witnesses: "Are you the same C. C. Echols who pleaded guilty in the criminal court of Atlanta on December 4, 1919, for driving while intoxicated,—driving an automobile?" was inadmissible, and in not permitting the witness to answer it; defendant's counsel stating to the court that he expected to introduce the indictment to which the witness pleaded guilty, and to show by the witness

that he (the witness) was the person named in the indictment, and that at the time of the injury in question this witness was driving the car in which the plaintiff's husband was riding, and was in an intoxicated condition, and for this reason the plaintiff's husband was not in the exercise of ordinary care.

(*c*)   Because the court admitted, over objection, an ordinance of the City of Atlanta, the pertinent part of which was as follows: "Vehicles on streets running north and south have the right of way," the objection being that the ordinance was too vague and uncertain and was unreasonable, and that it did not illustrate any issue in the case.

(*d*)   Because the court, in stating the contentions of the parties to the jury, failed to state one of the main contentions of the defendant (set out in this ground), and because the court erred in referring the jury to the pleadings, the court saying, "To get the allegations in specific detail, you can read these papers for yourself;" counsel for the movant contending that this instruction permitted the jury to consider allegations not supported by proof.

(*e*)   Because the court erred in failing to instruct the jury in form and substance as follows: "In that [?] it appears from the evidence adduced at the trial of this case that deceased's death was caused solely by his own negligence, conduct, or failure to exercise ordinary care, no recovery would be authorized under the law;" it being insisted that such a charge was applicable to one of the controlling issues in the case and was demanded by the pleadings and evidence.

(*f*)   Because the court erred in failing to instruct the jury as follows: "If it appears from the evidence adduced that plaintiff's husband's death was caused solely by the conduct of C. C. Echols, in his driving of said automobile truck, unmixed with any negligence of the defendant, no recovery would be authorized in this case;" the movant insisting that such charge was applicable to one of the controlling issues in the case.

(*g*)   Because the court erred in failing and refusing to instruct the jury as follows: "If you believe that Claude C. Echols and Ralph Echols were negligent in a joint enterprise at the time Ralph Echols was injured, then I charge you that any negligence on the part of Claude C. Echols, if you believe there was any such negligence on his part, in operating the Ford truck, will be imputable to

Ralph Echols, and if you believe further from the evidence that deceased would not have been killed but for the failure of Claude C. Echols to exercise ordinary care in the operation of the Ford truck, as contended by defendant, then I charge you that plaintiff cannot recover;" the movant contending that such charge was substantially requested in writing; and movant insists that such charge was applicable to one of the controlling issues in the case.

(*h*)  Because the court erred in failing and refusing to give to the jury an instruction requested in writing, as follows:  "It was the duty of plaintiff's husband to exercise ordinary care to prevent injury to himself, and if you believe from the evidence he, in the exercise of ordinary care, should have looked to his right before proceeding into Fair street from behind a high wall, and that he failed to do so, and if you believe further from the evidence that had he so looked he would have seen the approaching yellow cab, and could have avoided the injuries to himself by getting out of the Ford truck or otherwise, then I charge you that the plaintiff cannot recover."

(*i*)  Because the court erred in failing to charge the jury on the question of determining where the preponderance of the evidence lies, as follows:  "The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number;" it being insisted that, the judge having undertaken to give in charge the provision of the code as to determining where the preponderance of evidence lies (Civil Code, § 5732), should have given the entire code section; and it is insisted that a failure to do so was particularly harmful to the defendant because it had introduced more witnesses than the plaintiff did as to the actual occurrence resulting in the death of the plaintiff's husband.

(*j*)  Because the court erred in charging the jury as follows:  "So that in this case, if you believe that the driver of the yellow cab was approaching the intersection of these two streets at a greater rate of speed than ten miles per hour, that would be negligence per se."  Movant insists that this instruction was error for the reason that it was an expression of opinion on the part of the court that the defendant, through its driver, was guilty of negligence per se.

(*k*)  Because the court erred in failing to charge the jury as follows: "If it appears, from the evidence adduced, that plaintiff's husband was riding in a car driven by Claude C. Echols, at a rate of speed greater than ten miles per hour, as it approached the intersection of Boulevard and Fair streets, then this would be negligence per se, and, if they believe that the said plaintiff's husband and Claude C. Echols were upon a joint enterprise, that such negligence of Claude C. Echols would be imputable to plaintiff's husband." It is insisted that such charge was applicable to one of the main and controlling issues in the case and was demanded by the pleadings and evidence.

(*l*)  Because the court erred in' failing to charge the jury as follows: "If you believe, from the evidence adduced in this case, that the driver of the automobile truck, Claude C. Echols, in which truck plaintiff's deceased husband was riding, was approaching the intersection of these two streets at a greater rate of speed than ten miles an hour, then before the said C. C. Echols would have been guilty of negligence, as a matter of law, and if you further believe that the plaintiff's deceased husband had knowledge of these facts and failed to disembark from said car, and failed to have requested the driver to desist or demanded that he be allowed to disembark, unless he was prevented from so doing, then the plaintiff would not be entitled to recover in this case;" it being insisted that such charge was applicable to one of the controlling issues in the case, and a failure so to charge was harmful.

(*m*)  Because the court erred in failing to instruct the jury as follows: "If it appears from the evidence adduced that at the time the deceased husband of plaintiff was sitting on the right-hand side of the front seat of said automobile truck while the same was being driven by his brother, C. C. Echols, and that said driver approached or traversed said intersecting streets without having said automobile under immediate control, and did operate the same at a greater rate of speed than ten miles per hour, then it would be the duty of the plaintiff's deceased husband, in the exercise of ordinary care, to have called the attention of the said driver to the situation and remonstrated with him, or, if necessary to his own safety, to leave the vehicle, and he was bound so to do in the exercise of ordinary care;" it being insisted that such charge was applicable to the issues, and a failure to give it was harmful.

(*n*) Because the court erred in failing to instruct the jury as follows: "If you believe, from the evidence adduced, that the plaintiff's husband and defendant were both at fault, and the plaintiff's husband could not by ordinary care have avoided the consequence of defendant's negligence, the plaintiff may recover, but the damages shall be diminished by you in proportion to the amount of fault attributable to him, plaintiff's husband."

(*o*) Because the court erred in charging the jury as follows: "There was an ordinance introduced, to the effect that vehicles must go to the right, keep to the right. That is a traffic regulation of the city, and it is the duty of people to observe it, but it also must have a reasonable interpretation, and it must be interpreted in connection with the law of the State on the subject; and the law of the State on the subject, as to what is designated as the 'rule of the road,' is that drivers of vehicles shall keep to the right. It does not mean, either the State law or the city law, that it is unlawful to drive on the left side of the road or the street under any and all circumstances. It means that where the traffic conditions require, in the exercise of ordinary care, the drivers must keep to their own right. And just as I have instructed you with reference to the other ordinance, it is for you to determine whether, under the particular facts and circumstances of this case, the law required C. C. Echols to be driving on the right side of the street or not." The movant insists that such charge was error for the reason the court permitted the jury to say whether or not the law required the truck in which the deceased was riding to be driven on the right-hand side of the street.

(*p*) Because the court erred in charging the jury that "upon approaching any intersecting highway the operator of a motorvehicle or motorcycle at all times shall have said vehicle under immediate control." The movant insists that this was error for the reason that it was inapplicable to the issues in the case, and was not authorized by the pleadings and the evidence; that the petition did not allege, as a ground of negligence, that the driver of defendant's yellow cab should at all times have had the yellow cab under immediate control as he approached intersecting streets.

(*q*) Because the court erred in charging the jury as follows: "But if C. C. Echols was negligent in this particular or in any other, such negligence would not be imputable to Ralph Echols,

32

unless Ralph Echols, under the law which I have given you, had the right or the duty to interfere with the control of the driver and influence the driver as to the manner in which the Ford truck should be driven." The movant insists that such charge was error because it limited and restricted one of the controlling issues in the case.

(*r*) Because the court erred in charging the jury as follows: "And simply taking Ralph Echols home with his groceries and then intending to go from Ralph Echols' home with his week-end groceries did not constitute a joint enterprise." It is insisted that such charge was error for the reason that it was an expression of opinion on the part of the court that in the taking of Ralph Echols to his home with his week-end groceries, there was no common or joint enterprise between Claude Echols and Ralph Echols.

(*s*) Because the court erred in instructing the jury as follows: "Then you will look into the facts of this case as disclosed to you by the evidence, and say whether the defendant's servant was negligent or not in any or all of the particulars charged. The defendant denies that its servant was negligent in any of the particulars charged, but, under the instructions given you, you have now the question of whether the defendant's chauffeur was negligent in these particulars, or any of them. If you find there was no negligence on the part of the defendant,—the defendant's servant,—that would be an end to the case, I mean, in so far as these particulars are concerned, and the defendant would be entitled to a verdict." It is insisted by the movant that this charge was error for the reason that it permitted the jury to go outside of the facts of the case as disclosed to them by the evidence, and say that the defendant's servant was negligent in some particular which was not charged.

(*t*) Because the court erred in omitting to instruct the jury upon one of the main contentions of the defendant as follows: "Defendant contends that the automobile truck driven by Echols in which plaintiff's husband was riding had no lights which were lighted, and that defendant's servant driving the yellow cab could not see the approaching truck until it was too late to avoid the collision, and that, by the exercise of ordinary care, after the discovery of the truck, he could not have avoided the same. If you

believe from the evidence adduced to you this contention to be true, then the plaintiff could not recover in this case." The movant insists that this failure to charge was error because the omitted charge was applicable to one of the controlling issues in the case.

(u) Because the court erred in failing to instruct the jury as follows: "If it appears, from the evidence adduced, that, at the time of the accident resulting in the death of plaintiff's husband, no negligence of defendant's servant contributed to or caused the injury to plaintiff's husband, the plaintiff could not be entitled to recover." Movant insists that this charge was demanded by the pleadings and evidence.

(v) Because the court charged the jury as follows: "It would be your duty to reduce the gross sum to its present cash value, which would be a less sum, a considerably less sum, and this you can do in any correct method of calculation, satisfactory to yourself, using in the calculation the seven per cent. basis, that being the legal rate of interest in this State." It is insisted by the movant that this charge did not cover the ground or point out to the jury what correct legal method they should use in making such calculation, and the jury did not understand how to arrive at the present cash value, as is more fully shown by the fact that the verdict was in excess of the actual cash value of the life of the deceased.

The deceased was a grocery-store clerk, 25 years of age, earning $150 per month. The verdict was originally $22,500, but $5,000 was written off by the plaintiff.

*Bryan & Middlebrooks, Hewlett & Dennis,* for plaintiff in error.

*W. P. Coles, Underwood, Pomeroy & Haas,* contra.

LUKE, J. (After stating the foregoing facts.) The evidence amply authorized the verdict. Indeed, the jury were authorized to find that the servant of the Yellow Cab Company, at the time of the collision, was driving his car at the intersection of streets at the rate of from thirty to thirty-five miles an hour. This was the opinion of the driver in the Ford truck which was struck by the yellow cab. This was the testimony of a police-officer when testifying as to the admission made by the driver of the cab shortly after the accident, and this was the testimony of one of the occupants of the yellow cab at the time of the accident. The jury were authorized to find that the driver of the yellow cab, if any one,

had the smell of whisky upon him at the time of the accident. One of the occupants of the cab testified that, upon getting into the cab prior to the accident, she observed the odor of whisky.

(*a*)  The court did not err in rejecting evidence as complained of in the first or the second ground of the amendment to the motion for a new trial.

(*b*)  The charge of the court, read in its entirety, is free from error. The contentions of both parties were fully and fairly stated, and correct legal rules for the guidance of the jury in their deliberations were given in the charge. The alleged errors in isolated excerpts from the charge of the court are corrected by that which precedes or follows them. The excerpt from the charge of the court as to the measure of damages, when the entire charge upon this subject is considered, and in the light of the mortality tables which were in evidence, is all that the defendant could have expected. The charge upon the subject of preponderance of evidence was full and fair, when the whole of the charge upon this subject is read.

(*c*)  We cannot say that the court erred in overruling the motion for a new trial upon any of the grounds of the motion for a new trial. We have examined carefully all the assignments of error, and for no reason pointed out do we find the success of the plaintiff in this case to be the result of legal error. Nor can we hold that the verdict was excessive, especially since the plaintiff voluntarily wrote off $5,000, thus reducing the amount of the recovery to $17,500.

*Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*