## Sutton *v.* Quaker City Cab Company, Appellant.

*Negligence—Automobiles—Collision at street intersection—Case for jury.*

In an action to recover for damages to plaintiff's automobile, resulting from a collision with defendant's cab, at a street intersection, the case was for the jury and a verdict for the plaintiff will be sustained, where there was evidence that the plaintiff, as he approached the crossing, looked and saw no vehicle in sight; that after having passed the curb line the plaintiff saw defendant's cab

about 100 yards away approaching from the right; that plaintiff's automobile was not in motion at the time of the collision; and that plaintiff could have crossed the street with safety if the defendant's cab had been driven at a reasonable rate of speed.

While it is the law that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right should have the right of way, it is also the law that a driver at the left may proceed on his way if an approaching vehicle to the right is so far away that a crossing may be reasonably undertaken.

Argued November 18, 1925.  Appeal No. 295, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, November T., 1924, No. 1374, in the case of Howard A. Sutton v. Quaker City Cab Company.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Trespass to recover damages to an automobile.  Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $325 and judgment thereon.  Defendant appealed.

*Error assigned*, among others, was the refusal of defendant's motion for judgment n. o. v.

*George H. Detweiler*, for appellant.

*William G. Nixon*, for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

The plaintiff obtained a judgment in this case on account of damage done to his automobile because of the negligent conduct of an employee of the defendant at a time when a collision occurred between the plaintiff's automobile and a cab belonging to the defendant. The accident occurred between six and seven o'clock in the evening at the intersection of 17th and Pine streets in Philadelphia.  The plaintiff was driving

westwardly on Pine street and the defendant's driver was moving southwardly on 17th street. The trial court refused to give binding instructions for the defendant or to enter judgment non obstante veredicto and from that refusal this appeal was taken. The only inquiry is therefore whether there was evidence supporting the verdict of the jury. The testimony of the plaintiff was that when he approached the crossing he looked northwardly across the corner of the schoolhouse lot and that no vehicle was in sight; that when he passed the east curb of 17th street he saw the cab near Delancey street, about 100 yards distant, coming toward him at a "terrific speed;" that he immediately applied the brakes on his car and came to a stop just west of the trolley track on 17th street, the front wheels of his car being beyond the intersection of the car tracks of Pine and 17th streets. The plaintiff's car was brought to a stop at the time of the collision. The taxi cab struck the right front wheel and fender of the plaintiff's car throwing it to the left and thereby causing material injury to the car. As described by the plaintiff "the front lefthand side of the taxi cab smashed in the front mud guard and broke the running board," forcing the car toward the south on 17th street. The taxicab came to the crossing, as alleged, at a speed of from 30 to 35 miles an hour. There was evidence that the plaintiff's car was first at the crossing and the contention was that at a reasonable rate of speed on the part of the driver of the cab the collision would not have occurred. The jury found the facts in favor of the plaintiff and an examination of the evidence makes it clear that the court could not properly have taken the case from the jury. It is the law that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right shall have the right of way, but it is also the law that a driver at the left may

proceed on his way if an approaching vehicle to the right is so far away that the crossing may be reasonably undertaken, and the testimony of the plaintiff here tends to show that he could have crossed 17th street with safety if the cab had been driven with ordinary care. It is the duty of persons approaching the crossing at intersecting streets to use a high degree of care and to have the respective cars under complete control to permit a sufficiently prompt stopping. The plaintiff here alleges that seeing the rapid oncoming of the defendant's cab, he quickly stopped his car and that it was not in motion at the time of the collision. All of the allegations were for the consideration of the jury and as the statements were not incredible the issue of fact was clearly drawn and determined in favor of the plaintiff. We are not convinced that the facts disclose a case where two vehicles arrive at the intersecting streets at the same time and the driver at the left puts his car in the way of a vehicle approaching from his right. The court was correct therefore in refusing the instruction requested.

The assignments are overruled and the judgment affirmed.