## 20875. BROWN *et al. v.* SANDERS.

STEPHENS, J. 1. Although vehicles traveling along a street which has been designated by law as a traffic boulevard have the right of way over vehicles coming into the boulevard from intersecting streets, this right

is not absolute under all circumstances and conditions, but is relative only, and is determinable by the relative positions of the approaching vehicles, their relative speed, and other attending circumstances. A vehicle therefore, when crossing such a traffic boulevard at an intersecting street, may, under some conditions, have the right of way over vehicles approaching on the boulevard, and therefore not be guilty of negligence or of a violation of law, in attempting to cross the boulevard in front of the approaching vehicle, but, in crossing the boulevard, may, when considering the relative positions of both vehicles, their relative speed and other circumstances, be in the exercise of ordinary care and diligence. 42 C. J. 974, 978, 985, 989; Thrapp v. Meyers, 114 Neb. 689, 692 (209 N. W. 238, 47 A. L. R. 585); Salmon v. Wilson, 227 Ill. App. 286, 288; Primock v. Goldenburg, 161 Minn. 160 (200 N. W. 920, 37 A. L. R. 484); Lachance v. Myers, 98 Vt. 498, 503 (129 Atl. 172); Collins v. Liddle, 67 Utah, 242 (247 Pac. 476); Barnes v. Barnett, 184 Iowa, 936 (169 N. W. 365); Ward v. Gildea, 44 Cal. App. 380 (186 Pac. 612); Schneider v. Rolf, 211 Ky. 669 (278 S. W. 100); Sutton v. Quaker City Cab Co., 87 Pa. Super. Ct. 291; Taxicab Co. v. Ottenritter, 151 Md. 525 (135 Atl. 587); Hughes v. Hudson-Brace Motor Co., 111 Kan. 397 (207 Pac. 795); Pline v. Parsons, 231 Mich. 466 (204 N. W. 131); Jacobs v. Richard Carvel Co. Inc., 159 N. Y. Supp. 196 (95 Misc. 252); 21 A. L. R. 982.

2. Where in a suit against the owner of an automobile, which was traveling along a traffic boulevard upon which vehicles traveling have the right of way over automobiles approaching from intersecting streets, it was sought to recover damages for the homicide of the operator of an automobile attempting to cross the boulevard from an intersecting street, resulting from a collision between the two automobiles, it could not as a matter of law be said that the operator of the automobile attempting to cross the boulevard was guilty of negligence, or, if he was, that such negligence was the proximate cause of the homicide, when the evidence authorized the inference that the defendant's automobile, while traveling along the boulevard approaching the intersecting street, was being operated negligently and at an illegal rate of speed and on the left side of the road, contrary to law, and that the driver failed to slacken the speed after observing the other automobile, and that the operator of the automobile attempting to cross the boulevard could have crossed in safety and avoided a collision had the operator of the automobile traveling along the boulevard been in the exercise of due care and diligence. Yellow Cab Co. v. Echols, 31 Ga. App. 493 (121 S. E. 247); Faggart v. Rowe, 33 Ga. App. 423 (126 S. E. 731); O'Donnelly v. Stapler, 34 Ga. App. 637 (3) (131 S. E. 91). It can not as a matter of law be said that the deceased, in crossing in front of the automobile which he knew was approaching, was guilty of such negligence as would bar a recovery. The rule which bars from recovery a person who deliberately goes upon a railroad-track with knowledge of an approaching train is not applicable to the situation disclosed by the evidence in this case. See, in this connection, 42 C. J. 964; Thrapp v. Meyers, 114 Nebr. 689 (supra).

3. In a suit by a mother for the homicide of a son, as authorized in sec-

tion 4424 of the Civil Code of 1910, where it appears from the evidence, conclusively and without dispute, that she was dependent upon the son for support, the charge of the court, that she could recover if it appeared from the evidence that the son contributed to her support, was not error upon the ground that the court failed to charge that in order for the plaintiff to recover it must also appear that she was dependent upon the son. *Hudson* v. *Devlin*, 28 *Ga. App.* 458 (111 S. E. 693); *Seaboard Air-Line Railway Co.* v. *Young*, 40 *Ga. App.* 4 (7) (148 S. E. 757). It appears from undisputed evidence that the plaintiff was dependent upon her deceased son for support.

4. It appearing that the court in several portions of the charge clearly and distinctly instructed the jury upon the rule with reference to comparative negligence, it was not error, as being calculated to mislead the jury and as being equivalent to an instruction to them to disregard the rule of comparative negligence, for the court to instruct them that if the plaintiff could recover she could recover the full value of the life of her deceased son. *Western & Atlantic Railroad* v. *Reed*, 35 *Ga. App.* 538 (6) (134 S. E. 134).

5. Although the court, in instructing the jury as to the use of the mortality tables in arriving at the value of the deceased's life, charged that the tables were not binding upon them and that they were not obliged to use the tables, yet where the court instructed them that, in arriving at the value of the deceased's life, they should consider his "feebleness of health, actual sickness, the loss of employment, voluntarily abstaining from work, dullness in business, reduction in wages, the increasing infirmities of age, with a corresponding diminution of earning capacity, and other causes [which] may contribute, in greater or less degree, to decreasing the gross earnings of a lifetime," and that the jury should take all these matters into consideration in arriving at a cash value of the life of the deceased, the charge was not subject to the exception that the jury were not instructed as to any method for the ascertainment of damages, in that the court failed to instruct them that they should reduce the amount found to its present cash value, and should "consider the probability of decreased earnings because of sickness, old age, lack of employment or other causes," and that the charge instructed them that they were "authorized to disregard the consideration of these matters." *Rome Railway & Light Co.* v. *Jones*, 37 *Ga. App.* 244 (4) (139 S. E. 579).

6. The evidence authorized the verdict found for the plaintiff, and no error of law appears.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 18, 1931.

*Wright & Covington,* for plaintiffs in error.
*Porter & Mebane,* contra.