DECIDED SEPTEMBER 29, 1934.

## 23502. SMELTZER v. ATLANTA COACH COMPANY.

STEPHENS, J. 1. The ordinance of the City of Atlanta which provides that "at all intersections all vehicle drivers on the right of other vehicles shall have the right of way" is applicable to a situation in which two vehicles arrive at intersecting streets simultaneously or practically at the same time. It is not, however, applicable solely to such a situation, but is also applicable to a situation in which, as was held in *Smeltzer* v. *Atlanta Coach Co.*, 44 *Ga. App.* 53 (160 S. E. 665), "in consideration of all the circumstances, including the distance of the two vehicles from the intersection and the relative speeds at which they are approaching it, the driver of the vehicle on the left should reasonably apprehend that a collision would occur unless he yields the right of way." The court charged the jury that this ordinance was applicable to both situations. The charge is not error as being an incorrect statement as to the law or as not being adapted to the issues presented by the evidence.

2. Although the negligence of the driver of an automobile is not attributable to a guest in the automobile, the guest, as the plaintiff in a suit for damages for personal injuries, would not be barred of a recovery if the negligence of the defendant was the proximately contributing cause of the plaintiff's injuries, although the negligence of the driver may also have proximately contributed thereto. A charge that the jury should consider whether the negligence of the defendant was the proximately producing cause of the injury is not error as tending to instruct the jury that the plaintiff could not recover unless the defendant's negligence was the sole proximate cause of the injury.

3. A jury is authorized to find that a person who rides as a guest in an automobile operated by a person under the influence of intoxicating liquor is in so doing guilty of negligence. Where from the evidence it appears that the driver of the automobile had about three hours before the accident to the automobile which he was driving taken two "high-balls," and that after the accident liquor was smelt on his breath, it is inferable that he at the time of the accident was operating the automobile under the influence of intoxicating liquor, and that a guest in the automobile with him at the time had knowledge thereof. It was not error for the court to charge that if the plaintiff rode in the automobile when he knew, or, in the exercise of ordinary care, could have known that the driver was under the influence of intoxicating liquor and was incompetent to drive, and that the plaintiff in this respect failed to exercise ordinary care for his own safety, and his failure to do so was the

direct and proximate cause of his injuries, he could not recover. A charge that it is the contention of the defendant that the driver of the automobile was operating it while under the influence of liquor and that the plaintiff knew it, or if, by the exercise of ordinary care, he could have known of this condition of the driver, he could not recover, was not error upon the ground that it was not applicable to the evidence. The charge that the defendant contends that the plaintiff was injured by his failure to exercise ordinary care for his own safety, or was injured solely through the negligence of the driver of the automobile in which the plaintiff was riding, is not error upon the ground that the evidence did not authorize a finding that the plaintiff was guilty of negligence barring a recovery. A charge that it was a violation of the law for the driver of an automobile to operate it while under the influence of intoxicating liquor was not error as not being adjusted to the evidence.

4. It can not be said as a matter of law, from the facts in this case, that where the evidence authorizes a finding that the plaintiff was riding in an automobile operated by a driver who the plaintiff knew was under the influence of liquor and was therefore incompetent, the plaintiff, although he may not have seen the approaching automobile until it was within but six feet of him, was not negligent in failing to discover the negligence of the operator of the defendant's automobile at a crossing at which both automobiles were approaching. A charge that a duty rested upon the plaintiff to avoid the consequences of the defendant's negligence, where the plaintiff knew of the negligence, or by the exercise of ordinary care could have discovered it, was not error upon the ground that it was not applicable to the evidence.

5. The court did not err in excluding the following testimony of the driver of the automobile in which plaintiff was riding: "The coach [referring to the defendant's automobile] slowed up and I thought it was going to stop. Me being on the right-hand side of the street, I had the right of way, or supposed that I did. That is my understanding in driving automobiles." This proffered testimony was properly excluded as being a conclusion.

6. Where the plaintiff alleged in his petition that he was injured by a collision between the automobile in which he was riding and an automobile coach of the defendant, at a street-crossing, that the defendant's coach was approaching from the plaintiff's left on an intersecting street, and that the plaintiff's automobile was approaching from the defendant's right, and that the plaintiff's automobile had the right of way, where the court charged the law contained in an ordinance of the city that "at all intersections all vehicle drivers on the right of other vehicles shall have the right of way," and in case of accident all drivers failing to recognize the right of way at all traffic intersections upon his or her right shall be deemed guilty of reckless driving, it was not error to fail to give in charge to the jury that the law of the State, as contained in Ga. L. 1927, p. 230, 237, that "an operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway," where the law as laid down in this statute

was not expressly relied upon at the trial and.there was no request to give it in charge. Since the rule as provided in the ordinance and the statute are practically identical, the court, in charging the rule laid down in the ordinance, in effect charged the rule laid down in the statute.

7. The court nowhere in the charge to the jury unduly emphasized the contentions of the defendant, or expressed ·any opinion on the facts, or made any statement before the jury which was prejudicial to the plaintiff.

8. The verdict for the defendant was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 29, 1934.

*George & John L. Westmoreland,* for plaintiff.

*Bryan, Middlebroooks & Carter, John A. Dunaway, Y. C. Mitchell,* for defendant.