31599. ESSIG *v.* CHEVES.

Decided September 19, 1947. Rehearing denied October 29, 1947.

*Harris, Harris, Russell & Weaver,* for plaintiff in error.
*E. W. Maynard, S. G. Jones, Carlton Mobley,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is not necessary to set forth any of the evidence introduced on the trial of the case on the issues raised by the pleadings inasmuch as the plaintiff in error concedes that the verdict and judgment of the trial court should not be set aside because of the lack of evidence to support it. This concession is an abandonment of the general grounds of the motion for a new trial by the plaintiff in error. *Gullatt* v. *State,* 14 *Ga. App.* 54 (10) (80 S. E. 340); *Green* v. *Lingo,* 180 *Ga.* 853 (181 S. E. 148).

■ In ground 1 of the amended motion complaint is made that the court erred in refusing to declare a mistrial on account of statements made by counsel for the defendant in error and set out in that ground of the amended motion. The colloquy between the court and counsel, which they contended was prejudicial error requiring the grant of a mistrial, is the following: "Harold Graham was called as a witness by counsel for the plaintiff in error. He testified when he was giving the deposition on September 26, 1946, that an insurance man and investigator came to see him and asked him questions with reference to whether or not he was out in Vineville on the date the accident occurred. He further testified that he told the insurance man he was not out there. When this deposition was taken counsel for the plaintiff in error called attention to the fact, rights were being reserved to object to this testimony when it was offered on the trial of the case. When this testimony was offered at the trial of the case the following occurred: Q. Did an investigator, an insurance man, come to see you and ask you questions with reference to whether or not you were out in Vineville on this date that I referred to? A. Yes, sir. Gen. Russell: Your Honor, please, here is some testimony about a conversation between a witness and an insurance adjuster, which is irrelevant, and immaterial and it is hearsay. The court: You can show that fact. It is the conversation that is objected to. Mr. Maynard: What I am trying to do is prove that he did come to see him. The court: I am leaving that in. Mr. Maynard: The statement is to the effect that Mimbs went to Vineville to see Harold and Harold says this adjuster came to see him and he told him he was not out there. He is obliged to know that part of Mimbs' statement could not be true. I submit it is admissible. Gen. Russell: We know all parts of that statement are not true.

Mr. Jones: It shows you knew it was not true when you took it down. Mr. Maynard: He says they approached him and he told them he wasn't there. Then after they get that from him, to write in there that he did go into Vineville to see him, and he told him he wasn't out there. Gen. Russell: There is not a scintilla of evidence to support any such statement. Mimbs' statement was made on the 17th of August, 1944, and he told us he had been over to see Graham; then we went to see Graham to see if he had. The reason we went to see Graham was because Mimbs had told us he was looking for Graham. It is perfect hearsay. Mr. Maynard: We submit it is admissible to show that this investigator who took this statement from Mimbs knew—had talked with Harold Graham and Graham had told him he wasn't in Vineville, and he was put on notice then that Harold Graham wasn't there, and yet he had it in his statement to the effect that Mimbs said he was there, and I submit that it is admissible to go to this jury to explain motive in connection with it. The court: I thought I had ruled on it. (Jury retired.) Gen. Russell: I desire to move the court to declare a mistrial on the ground that the remarks of counsel are highly prejudicial for two reasons: First, he refers to an insurance adjuster who went to see two men, one named Mimbs and one named Graham, and the fact that there was an insurance adjuster working on the case has only been recited to the jury for prejudicial reasons. The second ground of the motion for mistrial is that counsel has disputed the ruling of the court. The question and answer was hearsay, and hence inadmissible. Counsel, in the presence of the jury, has drawn a conclusion which is unfounded in fact, in that counsel stated to him that the insurance adjuster went to see Graham and discovered from Graham that he was not out in Vineville, and thereafter, notwithstanding the knowledge which he had, that he inserted in the statement which Mimbs made that Graham was out there and that Mimbs was out there looking for Graham. There is no testimony in this record to indicate that he talked to Graham before he talked to Mimbs. The statement and argument on evidence which is itself illegal and hearsay is highly prejudicial, and in my opinion warrants a mistrial in this case. Mr. Maynard: I was laying my foundation to show why it is admissible. I had not had a chance to put my reason down there as to why it is

admissible. The court: You were talking to the jury, were you not? Mr. Maynard: No, sir, I was not even looking at them. I was looking toward the stenographer. I was not talking to the jury; I never had them in my mind. I was fixing the foundation, making my objections so I could except to your ruling. I think I am entitled to make a statement. The court: I think those statements ought to be made before the court rules. Mr. Maynard: Sometimes the court rules before you have time to make them, as you did in this case. The court: I did not give you time to state your position? Mr. Maynard: When you said, 'I rule it out,' I had not had time to complete it. I just stated the grounds why I thought it was admissible, laying the foundation so I could except to it. If I don't lay the foundation I can't except to it. The court: In view of Judge Maynard's statement that I did not give him opportunity to state his position, I am going to overrule the objection. I am ruling with Gen. Russell as to the conversation out there. I let in the fact that he went out."

The plaintiff in error put the insurance adjuster on the stand and brought out from the adjuster on direct examination that he was an agent of the Travelers Insurance Company, and that the insurance contract covered the defendant in this case. Testimony of the insurance adjuster on this point is as follows: "My name is Robert Engelhart and my address is 10 Pryor Street, Atlanta. I am employed by the Travelers Insurance Company as Claim Investigator. As such Claim Investigator, I have investigated the accident in which Mrs. Cheves' car was involved with a car of Mrs. Essig. In connection with that investigation I saw one Doyle Mimbs. . . He is the man who was driving the Essig car at the time of the collision. . . I was getting this statement for Travelers Insurance Company. The Travelers Insurance Company insures Jack Mann Battery Company and an accident had been reported to us and I took this statement for the purpose of investigating the accident to determine liability."

The above statements of counsel in a colloquy between the court and counsel on ruling upon the admissibility of evidence are not of such a prejudicial nature as to require the grant of a mistrial and it was not error to overrule the motion for a mistrial on account of such colloquy. When evidence is offered and its admissibility challenged, counsel may state the reason why such evidence should

be allowed, and when in the course of such a colloquy between counsel and the court, counsel acting in good faith and not in a manner calculated to prejudice the jury, no ground for a mistrial is afforded. *Walker* v. *State,* 124 *Ga.* 98. The matter is addressed largely to the discretion of the trial judge, in whose presence the argument was made, and who sees and is in position to judge of the demeanor of counsel. *Atlantic Coast Line R. Co.* v. *Jones,* 132 *Ga.* 202 (supra).

■ Ground 2 complains that the court erred in permitting certain evidence of the witness, Doyle Mimbs, to go before the jury as follows: "Q. Who is Mr. Charley Bloch? A. I don't know, sir. Q. You don't know him? A. No, sir. Q. Who are Hall & Bloch, have you ever heard of them? A. No, sir. Q. You haven't hired any lawyers in connection with this matter, have you? A. No, sir. Mr. Harris just said he would pay the lawyer bill, that is all. Q. That is Mr. John Harris? A. Yes, sir."

The contention is that the admission of this evidence was error because it created a false and prejudicial issue. The ground does not set out how this evidence was prejudicial to the cause of plaintiff in error, or what false issue was created. It appears from the evidence that an answer in this case was filed by the law firm of Hall & Bloch.

An assignment of error upon the admission of evidence complaining that the same creates a false and prejudicial issue, in order to be complete, must set out how the evidence was prejudicial and what false issue was created. See Code, § 6-1607; *Collins* v. *Carr,* 111 *Ga.* 867 (supra); *Binion* v. *Georgia So. Ry. Co.,* 118 *Ga.* 285 (supra).

■ Ground 3 of the amended motion complains that the court erred in permitting the witness DeJarnette to testify that at the time Mimbs was going to the hospital to have his arm treated, that he, Mimbs, was on Jack Mann Battery Company's business. The complaint is that the statement by DeJarnette was a conclusion and for that reason inadmissible.

As to whether Mimbs was on business for Jack Mann Battery Company is a fact and not a conclusion, just like agency. In *Scott* v. *Kelly Springfield Tire Co.,* 33 *Ga. App.* 298 (6), Judge Bell, speaking for the court said: "Agency is a fact, and the testimony of a witness that a certain person was the defend-

ant's 'duly authorized representative' was not subject to the objection that it was a statement of mere conclusion. Whether the statement was well founded was a matter for cross-examination, or for determination by other facts in evidence, either from the witness or other testimony. *Sankey* v. *Columbus Iron Works,* 44 *Ga.* 228 (3); *Shaw* v. *Jones,* 133 *Ga.* 446 (3) (66 S. E. 240)."

Under the authority of these cases the admission of the evidence complained of in ground 3 of the amended motion was not error.

5. Error is assigned in ground 4 of the amended motion upon the following portion of the charge of the court, to wit: "Another statute provides: 'An operator of a vehicle shall have the right-of-way over the operator of another vehicle approaching from the right on an intersecting highway.'

"I charge you the rule that at intersections drivers on the right shall have the right-of-way is not limited to two vehicles coming to an intersection simultaneously or practically so, but is applicable to any situation where the distance between the two vehicles, their relative speeds or any other circumstances show that the driver on the left should reasonably apprehend a collision would occur unless he yield the right-of-way.

"I charge you further vehicles have the right-of-way over vehicles approaching from the left in an intersecting street, yet this right is not absolute under all circumstances and conditions, but is relative only and is determinable by the relative positions of the approaching vehicles, their relative speed and other attending circumstances, whatever they were."

The plaintiff in error admits that the court correctly charged the statute and law in the first paragraph of the charge above quoted, but contends that the giving in connection with the first paragraph of the charge the last two paragraphs in a large measure destroyed the force and effect of the statute contained in the first paragraph of the charge above quoted.

We cannot agree with these contentions of the plaintiff in error.

This collision occurred at a street intersection in the City of Macon and the charge contained in paragraphs 2 and 3 of the above-quoted charge were pertinent and applicable to this case, and are correct statements of the law.

Practically the identical charge contained in paragraph 2 was upheld and approved by this court in *Smeltzer* v. *Atlantic*

*Coach Co.,* 44 *Ga. App.* 53 (supra), in which this court held: "The ordinance of the City of Atlanta providing that 'at all intersections, all vehicle drivers on the right of other vehicles shall have the right-of-way' is not limited absolutely to instances 'when two vehicles come to intersecting streets simultaneously, or practically at the same time,' but is applicable in any situation where, in consideration of all the circumstances, including the distances of the two vehicles from the intersection and the relative speeds at which they are approaching it, the driver of the vehicle on the left should reasonably apprehend that a collision would occur unless he yields the right-of-way. See, in this connection, Holman *v.* Ivins, 150 Minn. 285 (184 N. W. 1026, 21 A. L. R. 964, 974); Mapp *v.* Holland, 138 Va. 519 (122 S. E. 430, 37 A. L. R. 478, 493; Thrapp *v.* Meyers, 114 Neb. 689 (209 N. W. 238, 47 A. L. R. 585, 595); Heidle *v.* Baldwin, 118 Ohio 375 (161 N. E. 44, 58 A. L. R. 1186, 1197); Garrett *v.* Byerly, 155 Wash. 351 (284 Pac. 343, 68 A. L. R. 254); 42 C. J. 982, 707." See also 49 *Ga. App.* 755 (176 S. E. 846); *Laseter* v. *Clark,* 54 *Ga. App.* 669 (189 S. E. 265).

Likewise, paragraph 3 of the charge above quoted has been approved and held to be correct in cases similar to the case at bar. See *Brown* v. *Sanders,* 44 *Ga. App.* 114 (160 S. E. 542), and citations.

The charge excepted to in this ground of the motion for new trial is not error for any reason assigned.

■ Ground 5 of the amended motion assigns error upon the following charge of the court, to wit: "I charge you that if you believe that at the time of the collision in question Doyle Mimbs was lost and that he was making an effort to locate an address at which to deliver a battery for his employer, the plaintiff would be entitled to recover from the employer and the defendant, Mimbs, provided his negligence was the proximate cause of the plaintiff's injuries and damages to her car; that is, provided she could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care and diligence after the same became apparent to her or she could have discovered the same by the exercise of ordinary care and diligence."

It is contended that this charge was erroneous because it contains an incorrect statement of the law and amounted to an expression of opinion that the defendant was negligent, and that the

plaintiff was entitled to recover, provided she could not have avoided the consequences of such negligence by the exercise of ordinary care and diligence.

We can not agree with these contentions of the plaintiff in error. The charge of the court complained of in ground 5 of the amended motion when construed in connection with the entire charge of the court is not error for any reason assigned.

The charge must be construed in connection with what had been charged before the charge complained of and what the court charged afterwards. The court elsewhere in the charge gave to the jury full and complete instructions that it was the duty of the jury to determine whether or not a party has or has not been negligent under the circumstances and fully instructed the jury that the court had no opinion as to any of the facts in the case.

The court elsewhere in the charge instructed the jury in the following language: "Let me caution you here, gentlemen, that you are the judges of the facts in this case, and when I speak of negligence or other facts it is for you to determine whether a party has or has not been negligent under the circumstances. I have no opinion as to any of the facts in the case. I am merely attempting to give you the law applicable to the case."

In *Cox* v. *Ware County,* 52 *Ga. App.* 48, this court held that a charge very similar to the charge excepted to in this case was not error. The charge of the court in the *Cox* case, that, "If you should find from the evidence that the negligent acts of any agent of the plaintiff were not the proximate cause of any injuries received by the plaintiff, but contributed thereto," was not an expression of opinion on the part of the court that the defendant was negligent. See also, *Pollard* v. *Gorman,* 52 *Ga. App.* 134 (5b) (182 S. E. 678). Nor were the instructions relative to the alleged acts of negligence by the defendant subject to the exceptions that they intimated and expressed an opinion that such acts were in fact negligence, and were argumentative and prejudicial to the defendant. In *Pollard* v. *Gorman,* supra, after stating that the plaintiffs "charge" the acts as alleged in the petition, and stating that "whether the defendant was guilty of these several acts of negligence or not is a question of fact for you to determine," the judge, immediately following this language, said: "It is for you to say whether, as charged in the petition, the defendant was guilty of these acts

of negligence; whether it was a failure on the part of the defendant to use ordinary care in the operation of its train, it is a question of fact for you to determine." Elsewhere he emphasized to the jury that they must believe from the evidence that "the defendant was negligent in some or all of the particulars described in this petition, and that such negligence proximately caused the death of the decedent;" and that if from the evidence "you say that the defendant was not negligent in any of the acts set out in the petition, or if you say that the defendant was negligent as set out, but this negligence did not contribute to or cause the death of (the decedent), then under these circumstances the plaintiffs could not recover in this case."

The plaintiff in error having conceded that the evidence authorized the verdict and judgment, and none of the grounds of the amended motion showing any error requiring the grant of a new trial, the judgment of the trial court in overruling the motion for new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*