32237. RICHARDSON *v.* COKER *et al.*

DECIDED DECEMBER 3, 1948.

*G. Seals Aiken,* for plaintiff.

*Matthews, Long & Moore,* for defendants.

FELTON, J. 1. Ground one of the amended motion for a new trial complains of the following charge: "I charge you, gentlemen, that although vehicles traveling along a street which has been designated by law as a traffic boulevard have the right of way over vehicles coming into the boulevard from intersecting streets, this right is not absolute under all circumstances and conditions, but is relative only, and is determinable by the relative positions of the approaching vehicles, their respective speed, and other attendant circumstances. A vehicle, therefore, when crossing such a traffic boulevard at an intersecting street, may, under some conditions, have the right of way over vehicles approaching on the boulevard, and therefore not be guilty of negligence or of a violation of law, in attempting to cross the boulevard in front of the approaching vehicle but, in crossing the boulevard, may, when considering the relative positions of both vehicles, their

relative speed and other circumstances, be in the exercise of ordinary care and diligence." We think that under the facts of the case this charge was error. It had the effect of relieving the defendant Coker of the positive duty of stopping his automobile at the boulevard stop sign, and authorized him to use his judgment and discretion in proceeding across a boulevard without stopping. The purpose of the boulevard stop sign is exactly the opposite. The requirement is that the vehicle approaching a boulevard or through thoroughfare shall be brought to a complete stop whether day or night, rainy or fair, whether there are many vehicles proceeding along the boulevard or none at all, so that if there are vehicles approaching on the boulevard, the driver of the vehicle approaching the boulevard may exercise his judgment while standing still, and calmly and deliberately, and not "on the run." If one approaching a boulevard stop sign could ignore the sign and undertake to use his judgment as to whether he should stop or not, and be relieved of the duty to stop because his judgment dictated that he could safely proceed without stopping, the requirement to stop would be a futile, useless gesture. The rule stated in the charge applies to intersecting highways and streets where right-of-way rules apply. *Essig* v. *Cheves*, 75 *Ga. App.* 870 (44 S. E. 2d, 712); *Smeltzer* v. *Atlantic Coach Co.*, 49 *Ga. App.* 755 (176 S. E. 846); *Brown* v. *Sanders*, 44 *Ga. App.* 114 (160 S. E. 542); but it does not apply where there is a requirement to stop, until the driver approaching the stop sign actually comes to a complete stop as required. Then, of course, he must exercise his judgment as to when to start and cross or drive into the boulevard. We cannot say that the charge was harmless merely because the jury probably found both parties negligent and applied the comparative-negligence doctrine. We do not know what effect the charge had upon their application of the doctrine, if they applied it.

2. The court did not err in submitting to the jury the issues raised by the defendant's amended answer. This ruling applies to grounds five and six of the amended motion.

3. The court did not err in refusing to charge the first sentence of the following request: "I charge you . . in passing upon the question of pain and suffering you may consider any scars, disfigurements, and damage to the plaintiff's body resulting

from such injuries. Any shortening of life from actual worry and pain caused by the injuries is also an element which you may consider in passing upon the question of pain and suffering." The requested matter contained in the first sentence was substantially covered by the general charge. The second sentence does not state a correct rule under any and all circumstances. Since this ground is not complete in itself and refers us to pages 27 through 36 of the amended motion, the assignment of error on the second sentence will not be considered.

4. Grounds eight through twelve are not complete in themselves, and will not be considered.

5. The error complained of in ground thirteen will not likely occur on another trial, so that ground is not passed on.

6. It was not error for the court to refuse to admit testimony of a witness other than the plaintiff as to whether the plaintiff looked older after the accident, since there was no effort to show that such a result was due to the accident or that the plaintiff was also of the opinion that she looked older due to the injuries. Such a fact would not be an element of pain and suffering unless the injury caused it and unless the plaintiff was conscious of it to the extent that it contributed to her pain and suffering.

7. As the case is being reversed on another ground, it is unnecessary to consider the ground based on inadequacy of the verdict.

The court erred in overruling the motion for a new trial because of the erroneous charge set forth in division one of this opinion.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*