32265. LEWIS v. WILLIAMS et al.

Decided January 29, 1949.

*Joseph W. Popper,* for plaintiff in error.
*Martin, Snow & Grant,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ In regard to his special demurrers, the plaintiff in error insists upon the following propositions: (a) The petition should designate which of the parties is the husband and which are the children. (b) The ages of the children should be set out for the reason that if any of the children are minors they must sue by next friend. (c) The act provides that the husband and children suing jointly can recover the value of the life, and the jury should have the right to know and should determine how the value of the life should be apportioned among those entitled to sue. Code § 105-1301 is as follows: "The word 'homicide' as used in this chapter shall include all cases where the death of a human being results from a crime or from criminal or other negligence." Code § 105-1302 is as follows: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." Code (Ann. Supp.) § 105-1306 is as follows: "The husband and/or child or children may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action." Child or children as used in the latter section has the same meaning as shown by Code § 105-1302. *Hood* v. *Southern Ry. Co.*, 169 *Ga.* 158 (1) (149 S. E. 898), and citations. The ultimate fact that the plaintiffs were the husband and children of the deceased, which is all that is required in this respect, was alleged. See *Guardian Life Ins. Co. of America* v. *McMichael*, 74 *Ga. App.* 53, 55 (38 S. E. 2d, 689). While a petition by a minor is properly brought by a next friend (see Code, § 3-115), rather than by the minor alone, and although it is apparent from the evidence that one of the plaintiffs was a minor at the time of the trial, it is fundamental that special demurrer to a petition can only reach such defects as are apparent in the petition, and whether or not any of the children are minors does not appear. This court is unaware of any requirement of any plaintiff in an action of this nature to allege his or her age, or that he or she is not a minor, or why the petition should show to the jury how

the value of the life should be apportioned among the various plaintiffs. A cause of action is jointly given to the husband and children surviving at the time the action is brought, irrespective of the age of the children and questions of dependency and contribution. See *Peeler* v. *Central of Ga. Ry. Co.*, 163 *Ga.* 784 (2) (137 S. E. 24). In the event of a recovery they are entitled jointly to the full value of the life of the deceased as shown by the evidence. The special demurrers of the defendant were properly overruled.

■ Special ground 1 of the amended motion assigns error on the denial of the following motion of the defendant: "I request the court to qualify the jury as to employees of the Georgia Power Company. It is the contention of the defendants in this case that the death of Rosa Williams was caused by the negligence of the operator of the Georgia Power Company bus. If the plaintiffs recover in this case against these defendants it will bar any suit and recovery against the Georgia Power Company. If the plaintiffs fail to recover in this case they will still have an action against the Georgia Power Company and its bus driver. They are, therefore, according to the contention of the defendants, interested in the result of this trial and are therefore not qualified. This request is made in the form of a motion to qualify the jury as to employees of the Georgia Power Company." There is no provision of law which would automatically disqualify an employee of the Georgia Power Company under the facts shown in the present action and by the above motion; the power company is not a party to the action; and it does not appear that said company will be obligated by any judgment rendered. The case is distinguishable from that of *Bryan* v. *Moncrief Furnace Company*, 168 *Ga.* 825 (149 S. E. 193), because there the request sought to have all the members of a corporation, a party to the action, purged. If, for any reason, the defendant believed, as a matter of fact, that any member of the jury was interested in the result of the trial, he should have made a motion to put the jurors on their voir dire. The request here shown can not be so construed. It is solely a request to disqualify any juror found to be an employee of the Georgia Power Company. "In a civil cause it shall be good cause of challenge that a juror has expressed an opinion as to which party ought

to prevail, or that he has a wish or desire as to which shall succeed. A party may avail himself of this cause of challenge by motion to put the jurors on their voir dire. In such case the court may propound the questions indicated in this section to each juror, or he may propound them to the entire panel, adopting such plan as will assure a response to each question from each individual juror. A preliminary oath should be administered to the jurors before propounding the questions." Code, § 59-705. Also see *Sullivan v. Padrosa*, 122 *Ga.* 338 (1, 2) (50 S. E. 142), and *Hilton & Dodge Lumber Co.* v. *Ingram*, 135 *Ga.* 696 (1) (70 S. E. 234). No error is shown by this ground of the motion.

■ Error is assigned in special ground 2 of the motion on the refusal of the trial judge to give the following charge: "I charge you, gentlemen of the jury, that despite the fact that vehicles traveling along Third Avenue had the right of way over vehicles traveling on Forrest Avenue on account of the stop sign, this right is not absolute under all circumstances and conditions, but is relative only and is determined by the relative positions of the approaching vehicles, their relative speed and other attending circumstances. A vehicle therefore when crossing such a traffic boulevard at an intersecting street may under some conditions have the right of way over vehicles approaching on the boulevard and therefore not be guilty of negligence or of a violation of the law in attempting to cross the boulevard in front of the approaching vehicle but in crossing the boulevard may, when considering the relative positions of both vehicles, their relative speed and other circumstances, be in the exercise of ordinary care and diligence. I further charge you, therefore, that if you believe that at the time Perry Lewis approached the intersection of Forrest and Third Avenue just before this accident, that the Georgia Power Company bus was a sufficient distance east of the intersection and that if it had been maintaining a proper and lawful rate of speed Perry Lewis would have had time to drive the truck across the intersection and in front of the bus, then and in that event Perry Lewis would not be guilty of negligence."

Under the provisions of the city ordinance it was unlawful for any person to "fail to observe" a stop sign placed at the intersection by the police department. According to the evidence the

defendant did not stop. In these circumstances the first two sen-. tences of the requested charge were inapplicable. The rule stated in this part of the requested charge (and this statement is made without deciding whether or not the particular charge here involved is a correct statement of law) applies to intersecting highways and streets where right-of-way rules are involved (see *Essig* v. *Cheves,* 75 *Ga. App.* 870, 44 S. E. 2d, 712; *Smeltzer* v. *Atlantic Coach Co.,* 49 *Ga. App.* 755, 176 S. E. 846; *Brown* v. *Sanders,* 44 *Ga. App.* 114, 160 S. E. 542); and would not apply to a vehicle approaching a stop sign until after a complete stop had actually been made. *Richardson* v. *Coker,* 78 *Ga. App.* 209 (50 S. E. 2d, 781). The last sentence of the requested charge (and particularly the statement "then and in that event Perry Lewis would not be guilty of negligence") is erroneous as a matter of law in that, if charged as requested, it would have amounted to an expression of opinion by the court that certain acts of the defendant were not negligence. What acts do or do not constitute negligence, except where a particular act is declared by law to be negligence, is a matter exclusively for determination by the jury. *Jordan* v. *Lee,* 51 *Ga. App.* 99 (2) (179 S. E. 739). The refusal of a request to charge is not error unless the charge requested is itself correct and perfect. *Hunt* v. *Pollard,* 55 *Ga. App.* 423, 425 (190 S. E. 71), and citations. The court did not err in refusing to give the requested charge as complained of in special ground 2 of the motion.

■ In special ground 3 error is assigned on the following charge: "I charge you that if you find the defendant, Perry Lewis, was negligent in one or more of the particulars set out in the petition and that such negligence was a proximate contributing cause of the death of Rosa Lee Williams, regardless of how great the negligence if any of the Georgia Power Company bus driver, the plaintiffs would nevertheless be entitled to recover against this defendant." It is the contention of the plaintiff in error that the above charge was confusing and misleading to the jury, did not state a true principle of law, and was not sound as an abstract principle of law. In special ground 4 the same contentions, in substance, were made in respect to the charge of the court as follows: "Now should you find that Rosa Lee Williams was injured and killed solely by reason of negli-

gence on the part of the Georgia Power Company bus driver and that such negligence was the sole, direct and proximate cause of her death, then I charge you the plaintiffs would not be entitled to recover against this defendant." Both of the above charges are sound principles of law applicable to the present case. See *Mishoe v. Davis*, 64 *Ga. App.* 700, 708 (19, 20) (14 S. E. 2d, 187), where this court ruled on charges almost identical as applied to similar facts, and held the same were not error. In *Georgia Ry. & Power Co.* v. *Bryans*, 35 *Ga. App.* 713 (134 S. E. 787), it was ruled: "1. Where the sole proximate cause of an injury to the plaintiff is the negligence of some one other than the defendant, there can be no recovery against the defendant, although the defendant may have been guilty of negligence." This is the rule charged by the court in the latter of the above excerpts on which error is assigned, and, although in the case just cited a charge similar to the one here involved was erroneous, this was because the charge there contained additional language from which the inference arose that whether or not a third person was the sole proximate cause, the defendant was not liable only if he was not negligent, and such inference is not here present. In neither of the grounds of the motion is it shown wherein the charge complained of was confusing or misleading to the jury, and in this respect they are too general for consideration. *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 714 (Rule 9) (145 S. E. 486). Special ground 5 of the motion is merely a reassignment of error on the charges shown in special grounds 3 and 4, and it is necessary to refer to these grounds of the motion in order to make ground 5 intelligible. This ground of the motion is not in proper form for consideration (see *Trammell* v. *Shirley*, supra, Rule 14, p. 715) and does not appear to raise any additional question. Special grounds 3, 4, and 5 of the motion were properly overruled.

■ The court did not err in overruling the motion of the defendant for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*