34400. FORBES *v.* VANDERPOOL *et al.*

Decided January 17, 1953—Rehearing denied February 5, 1953.

*Marshall, Greene, Baird & Neely,* for plaintiff in error.
*Clinton C. Morgan, Nall & Sterne,* contra.

GARDNER, P. J. Questions of negligence, contributory negligence, proximate cause and the like, except in plain and unmistakable cases, are for the jury to determine, and not for the court to pass upon as questions of law. *Georgia Power Co. v. Braswell,* 48 *Ga. App.* 654 (173 S. E. 763). The plaintiff alleged that, as he approached Techwood Drive, in the City of Atlanta, from the west and traveling easterly, the plaintiff being on Harris Street, a one-way street, he brought his Buick car to a complete stop and looked both to his right and to his left, and seeing no other vehicle near enough on said Techwood Drive to constitute a danger, he was proceeding across the intersection when the bus of the defendant bus line struck the Buick and injured him. The plaintiff charges that the bus driver approached this intersection at an excessive speed in violation of the city ordinance and struck the Buick after the plaintiff had proceeded into the intersection and halfway across the same. There is a City of Atlanta ordinance, according to the allegations of the petition, that the driver of a bus shall not exceed 25 miles an hour. If Techwood Drive is a through

street the plaintiff had a right to cross over the same, being on a one-way street, having looked both to his right and left and seeing no other vehicle then close enough to constitute danger. In such a case, under said ordinance and the law generally, it was the duty of the bus driver to yield to the plaintiff and permit him to cross the intersection. Under the allegations of the petition, the plaintiff was in plain view of the bus driver as he crossed over the intersection. "Although vehicles traveling along a street which has been designated by law as a traffic boulevard have the right of way over vehicles coming into the boulevard from intersecting streets, this right is not absolute under all circumstances and conditions, but is relative only, and is determinable by the relative positions of the approaching vehicles, their relative speed, and other attending circumstances. A vehicle therefore, when crossing such a traffic boulevard at an intersecting street may, under some conditions, have the right of way over vehicles approaching on the boulevard, and therefore not be guilty of negligence or of a violation of law, in attempting to cross the boulevard in front of the approaching vehicle, but, in crossing the boulevard may, when considering the relative positions of both vehicles, their relative speed and other circumstances, be in the exercise of ordinary care and diligence." *Brown* v. *Sanders,* 44 *Ga. App.* 114 (160 S. E. 542). The plaintiff was not guilty of negligence as a matter of law, even if Techwood Drive as a traffic boulevard, in attempting to cross the same, under the allegations of the petition. He looked both to his right and to his left, and no vehicle was close enough to constitute a hazard in his crossing over the street when he did. The bus of the defendant bus line approached in violation of the speed law, and without keeping a proper lookout, and also in violation of the ordinance as to vehicles on a through street. A jury could find that the plaintiff was not negligent, and that the driver of the bus was negligent and that such negligence was the cause of the plaintiff's injury. It was, therefore, error for the court to sustain the general demurrer and dismiss the petition. See also *Richardson* .v. *Coker,* 78 *Ga. App.* 209, 212 (50 S. E. 2d, 781); *Ivey* v. *Hall,* 77 *Ga. App.* 350 (48 S. E. 2d, 788); *Williams* v. *Grier,* 196 *Ga.* 327 (26 S. E. 2d, 698). The petition also charges the driver

of the bus with failing to slow down as he approached this intersection. This was negligence per se, being in violation of Code § 68-303.

We have examined such cases as *Central of Georgia Ry. Co.* v. *Mullins*, 7 *Ga. App.* 381, 383 (66 S. E. 1028), and *Moore* v. *Seaboard Airline Ry. Co.*, 30 *Ga. App.* 466 (118 S. E. 471), and do not find them controlling or applicable here. These cases are dealing with railroad crossings, and are not contrary to what was held in the *Richardson* case or the *Brown* case, and to what we now hold. The present case does not show as a matter of law that the plaintiff's negligence was greater than that of the defendants, if the plaintiff was negligent, or that the cause of the plaintiff's injuries was his own failure to exercise ordinary care for his own safety. The petition charges acts of negligence to the defendants. The case made by the petition was sufficient for submission to the jury, and the court improperly sustained the general demurrer thereto. If a jury finds the defendants negligent as alleged, and that such negligence caused the plaintiff's injury, they would be authorized to find in favor of the plaintiff. In such a situation, it was error to sustain a general demurrer.

This case is not at all similar to a case of one who deliberately goes upon a railroad crossing with knowledge of an approaching train. The plaintiff had a right to cross this intersection. He looked to the right and to the left and did not see any vehicle near enough to constitute a hazard in his crossing. The plaintiff then proceeded into the intersection. The defendant driver approached the intersection, while the plaintiff was in view in the intersection, without slowing down as required by the Georgia law and at an excessive and reckless rate of speed. Under the ordinance, the plaintiff had a right to cross over, even if Techwood Drive is a through street, which is not alleged.

The petition alleges a compliance by the plaintiff with the requirements of this ordinance before he attempted to cross the street.

The court erred in dismissing plaintiff's petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*